## JONES v. CITY OF CAMDEN.

1. MUNICIPAL CORPORATION—INJUNCTION.—A building of a town cannot be held to have been erected for profit or speculation where the allegation of the petition for injunction, so charging, is denied by the answer, and there is no evidence to controvert such denial.

2. IBID.—PUBLIC BUILDING—ROOMS RENTED.—A building erected for a town hall, council offices, and other municipal purposes, is not deprived of its character as a municipal building by the appropriation of portions, not presently needed by the town, to purposes not municipal, from which is

derived a revenue insufficient to pay insurance and interest on the debt contracted in the erection of such building.

3. MUNICIPAL CORPORATION—BONDS—PURCHASERS.—Purchasers of municipal bonds validly issued are not bound to see to the application of the proceeds, and bonds issued in exchange for, or to retire, valid municipal·bonds, are also valid. Therefore, bonds authorized to be issued by a town to purchase a lot and to erect a town hall thereon, could not be invalidated by the subsequent misappropriation of portions of the town hall, when erected, to purposes not municipal, but would continue to be valid obligations of the town, and so would other bonds afterwards issued to pay or renew them.

4. IBID.—IBID.—PAVING STREETS.—A debt contracted by a town for the paving of its streets is for a municipal purpose, and bonds may be issued in payment therefor where express legislative authority is conferred.

This was a petition by W. J. Jones to this court in its original jurisdiction, for an injunction to restrain the city of Camden and its mayor and aldermen from issuing certain bonds.

*Mr. J. T. Hay*, for petitioner.

*Mr. W. D. Trantham*, contra.

April 24, 1895. The following order was passed ,

PER CURIAM. It being represented to the court that the interests of all parties will be greatly promoted by an early decision, the court will proceed to announce its conclusion, and make the necessary order to carry the same into effect.

In this case the petitioner, as a resident taxpayer of the city of Camden, has filed this petition asking this court, in the exercise of its original jurisdiction, to enjoin the city council of Camden from issuing certain bonds of the said city, mentioned in the petition, upon the ground, substantially, that the said city council have never been lawfully invested with the authority to issue said bonds. The court having reached the conclusion that the said city council has been invested with legal authority to issue said bonds, there is no reason why the said city council may not carry out their declared purpose to issue said bonds, and bind the municipal corporation which they represent to the payment of the same. Hence there is no ground for the injunction asked for.

It is, therefore, ordered, that the motion for injunction be

refused, and that the petition be dismissed. The reasons for the conclusion reached by the court will be given in an opinion hereafter to be filed.

Thereafter, on September 7, 1895, the opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. This is a petition, addressed to this court in the exercise of its original jurisdiction, praying that the defendants may be enjoined from issuing and selling, or offering for sale, certain municipal bonds of said city, to the amount of $10,000, mentioned in the petition. Upon the hearing of the petition the usual rule to show cause was issued and served upon the defendants, requiring them to show cause why the injunction prayed for should not be granted. The defendants answered, setting forth, substantially, the following facts, which are uncontroverted: 1st. That the bonded debt of the city of Camden amounts to the sum of $15,000, which was incurred in the purchase of a lot, and in the erection thereon of a new town hall, with money raised by the issue of bonds authorized by the act approved 24th December, 1884, 18 Stat., 818, and the ordinance of the town (now city) of Camden, ratified the 15th of April, 1885. 2d. That the said building, though it contains a store on the first floor, from the rents of which the corporation derives some revenue, and a large hall on the second floor, which is sometimes used by dramatic and other companies, who pay a small sum of money for the privilege of using it, was projected and erected for municipal purposes, and not for profit and speculation, the entire income therefrom being insufficient to pay the insurance on the building and the interest on the money expended in its erection. 3d. That besides the store and hall, the building contains the city offices; and the large hall, which is popularly called the "opera house," is used by the people of Camden, without charge, for holding their mass meetings, public school exhibitions, industrial fairs, and, at times, for divine worship. 4th. That of the bonds so issued, the one-half thereof which matured on the 15th of March, 1890, have been refunded by authority of the act of 23d December, 1889, 20 Stat., 542, and the ordinance of said town,

ratified the 5th of March, 1890. 5th. That by virtue of the act
of 21st of December, 1894, 21 Stat., 1027, and the ordinance of
the city of Camden, ratified the 27th of March, 1895, the city
council are authorized and empowered to issue and dispose of
bonds of the said city, to the amount of $10,000, bearing inter-
est at the rate of five per centum per annum, payable semi-
annually, and to become payable in twenty years from the
issuance thereof; which said bonds, to the extent of $7,500, if
so much be necessary, shall be used in refunding so much of
what are known as "the town hall or opera house bonds" as
mature on the 15th of March, 1895, and to the extent of $2,500,
if so much be necessary, for the purpose of raising funds with
which to pay so much as may remain unpaid of what is known
as "the pavement debt" of the said city. 6th. That by the
words "town hall or opera house bonds," as used in the act of
21st December, 1894, and in the ordinance of 27th March, 1895,
the bonds which were issued for the purpose of building a new
town hall, under the authority of the act of 24th December,
1884, are meant, as the said building has since become popu-
larly known as the "town hall or opera house." 7th. That the
debt known as the "pavement debt" of the city of Camden was
incurred in laying sidewalks on Broad street, the principal
thoroughfare of said city.

The validity of the bonds in question seem to be assailed
upon two grounds: First, because the building for the erection
of which these bonds were originally issued was not
erected solely for municipal purposes, but for the pur-
pose, in part, at least, of profit or speculation; and the
case of *Mauldin* v. *City Council*, 33 S. C., 1, is relied upon to
support this contention. So far from there being any evidence
that one of the purposes in erecting the building was profit or
speculation, that allegation in the petition is distinctly denied
in the answer, and there is no. evidence to controvert such
denial. Besides, it seems to us that it is plain that the main
purpose for which the building was erected was to sup-
ply the needs of the municipal corporation, and the fact
that portions of the building not now necessary for pub-
lic purposes are appropriated to other purposes, from which a

small income is derived, not sufficient to meet the insurance of the building and the interest on the money expended in its erection, does not deprive it of its character as a public building erected and used for municipal purposes.

In addition to this, the bonds originally issued under the authority of the act of 1884, above referred to, were authorized to be used for the purpose of procuring "a suitable site in the town of Camden, S. C., and the erection thereon of a suitable building for a town hall, in such manner as to the said town council may seem most expedient and for the best interest of said town;" and if the municipal authorities after issuing and selling said bonds, concluded that it would be for the best interests of the town, so to erect the building as that such portions of it as would not at all times be needed for public purposes could be used as a source of income to the town, surely the purchases of such bonds could not be affected by such misapplication (if, indeed, there was any misapplication) of the proceeds of the sales of the bonds; and, of course, those who furnished the money to take up, or renew, or extend such valid obligations of the corporation could not be affected by any misapplication of the proceeds of the sale of the bonds. Purchasers of the bonds of a municipal corporation are only bound to inquire whether the power to issue such bonds has been conferred, and they are not bound to see to the application of the proceeds. See *Bond Debt Cases*, 12 S. C., 200. If, therefore, the bonds originally issued were valid obligations of the municipal corporation, as we think they unquestionably were, then bonds issued to pay or renew such valid obligations were alike valid, because issued for a corporate purpose, viz: to pay or retire a valid debt of the corporation.

The second ground upon which the validity of the bonds in question is assailed is that the debt known as the "pavement debt" should be provided for out of the current income of the city, and not by the issue of bonds of the corporation. Inasmuch as the express power to issue bonds to pay that debt was conferred by the act above referred to, we are at a loss to perceive any foundation for the position taken by counsel for plaintiff. The authority which he cites from

Dillon on Municipal Corporations applies only to cases in which it is claimed that the municipal corporation has *implied* authority to borrow money by issuing its bonds, and can have no application to a case like the present, where the power has been expressly conferred by act of the legislature. The only question is whether the debt authorized is for a corporate purpose; and there can be no doubt that a debt contracted for the purpose of constructing, repairing or improving the streets or sidewalks of a municipality is a debt contracted for a corporate purpose.

It seems to us clear that there is no valid ground for objection to the bonds in question; and in accordance with these views, an order was granted at the hearing, declaring these bonds valid obligations of the city of Camden, refusing the injunction asked for, and dismissing the petition.