B. L. STEEN, TAX PAYER RESIDING IN SPECIAL TAX SCHOOL DISTRICT No. 1, *Appellant*, v. BOARD OF PUBLIC INSTRUCTION OF PALM BEACH COUNTY, FLORIDA, AND SPECIAL TAX SCHOOL DISTRICT No. 1 OF SAID COUNTY, *Appellees*.

Opinion Filed June 30, 1920.

1. On an application for a bond issue under the provisions of Section 2, Chapter 6542, Acts of 1913, the County Board of Public Instruction has discretionary power to determine the amount of bonds required for the purposes set forth in the petition.

2. If no appeal is taken from a decree validating and confirming a school bond issue within twenty days from the rendition of the decree, such decree is forever conclusive of the validity of the bond.

3. An order of the Chancellor vacating a decree of confirmation and validation of a school bond issue, entered more than twenty days after the rendition of the validating decree, is void.

· An Apepal from the Circuit Court for Palm Beach County, E. B. Donnell, Judge.

Decree affirmed.

*A. C. Adams,* for Appellant;

*Metcalf* & *Blackwell,* for Appellees.

BROWNE, C. J.—This is an appeal from a decree validating a bond issue of Special Tax School District No. 1 of Palm Beach County.

The assignment of errors of the appellant, and cross assignment of appellees raise the questions, (1) of the power of the Circuit Judge on the application of a resident taxpayer and freeholder, to vacate and set aside a decree validating the bond issue after the lapse of more than twenty days from the entry of the decree validating the bond issue; and (2) the right of the Board of Public Instruction to call an election to vote on a bond issue of $125,000 upon a petition duly signed and presented for a bond issue of one hundred thousand dollars.

(1) Upon the presentation of the petition, the Board of Public Instruction determined by resolution that $125,000 of bonds was required for the purposes set forth in the petition.

Section 2, Chapter 6542, Acts of the Legislature 1913, provides in part: "The County Board of Public Instruction shall determine by resolution to be entered in its records what amount of bonds is required for the purposes set forth in said petition." It is contended by the appellants that the action of the Board in determining

that $125,000 was required for the purposes set forth in the petition, was null and void because the only authority of the Board in the matters was to issue the exact amount of bonds asked for. There is nothing in the statute to warrant that conclusion. The law imposes upon the Board of Public Instruction the duty to determine "what amount of bonds is required for the purposes set forth in said petition." If the Board were bound by the amount named in the petition there would be nothing for it to "determine," as that would have been determined by the petitioners, and there would be nothing left for the Board to do but to issue the call for such an amount. This would make the Board the mere recording clerk of the petitioners.

The provision of the law vesting in the Board of Public Instruction the power and authority to determine what amount of bonds would be required, is a very reasonable one. The residents of a Special School Tax District may petition the Board to issue bonds "for the purpose of acquiring, building, enlarging, furnishing or otherwise improving school buildings or school grounds, or for any other exclusive use of the public free school within any such special tax school district." Sec. 1, Chap. 6542, Acts 1913.

It is not likely that each signer of the petition would have the facilities for knowing, or would be competent to decide if he knew, just what amount of money would be necessary for any or all of these purposes, and the statute vests in the Board of Public Instruction the power to ascertain, and after ascertaining, to determine the amount of bonds required for the purposes set forth in the petition. We are quite satisfied that the Board had authority to submit to the qualified voters the ques-

tion of whether $125,000 of bonds should be issued or not.

(2)   The decree validating the bonds was entered on the 15th day of January, A. D. 1920.   On the 8th of March, 1920, a motion to vacate the decree of confirmation was filed by Bert A. Steen, a resident taxpayer and freeholder, upon the grounds that the decree was absolutely null and void because the Board determined that $125,000 was necessary for the purposes set out in the petition.   This motion was granted on the 8th day of March, and Steen then filed a demurrer to the petition, the grounds of which were that the petition showed on its face that the 25% of the duly qualified electors petitioned the Board of Public Instruction for a bond issue of $100,000 and that the Board determined that $125,000 would be adequate, and issued a call for an election to decide if that amount of bonds should be issued, and that this action by the Board rendered the entire proceedings null and void.   The demurrer was overruled and the petitioner refusing to plead further, the court entered its decree on the 8th of March, 1920, again validating and confirming the bond issue.

Section 3, Chapter 6868, Acts of 1915, provides in part, that, "Any taxpayer or citizen may become a party to said proceedings; and any party thereto, whether complainant, defendant or intervenor, dissatisfied with the decree of the court, may appeal therefrom to the Supreme Court within twenty days."   Section 4 of same chapter provides in part: "In the event no appeal is taken within the time prescribed herein,   *   *   *   the decree of the Circuit Court validating and confirming the issuance of the bonds or certificates shall be forever conclusive as to the validity of said bonds or certificates against the

county, municipality, taxing district, or other political district or subdivision issuing them, and against all taxpayers and citizens thereof; and the validity of said bonds or certificates shall never be called in question in any court in this State."

The first decree of the Circuit Court validating the bonds was rendered on the 15th day of January, 1920. No appeal was taken from this decree, and twenty days thereafter such decree became "forever conclusive as to their validity."

The Board of Public Instruction having the right to determine that $125,000 was needed for the purposes set out in the petition, and the Circuit Court having on January 15th, entered its decree validating the bonds, it was without authority to set aside its decree, and enter the decree of March 8, 1920. The order of the court setting aside and vacating the decree of January 15, 1920, and entering its decree of March 8, 1920, being without authority of law, that decree must be reversed.

It follows, therefore, that the decree enterd January 15, 1920, validating and confirming the bond issue not having been appealed from within twenty days must be, and is hereby, reinstated and adjudged to be in full force and effect.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., Concur.