W. M. JOHNSON, ET AL., *Appellants*, v. BOARD OF PUBLIC INSTRUCTION, ET AL., *Appellees*.

Opinion Filed April 9, 1921.

Section 17 of Article XII is designed to supplement the funds provided by Section 10, so as to more amply provide the means for which bonds are usually issued, viz: the acquisition or improvement of school houses, etc., the life or duration of which would have some relation to or coincidence with the period during which the bonds are to run. The purpose being to allow those who use such permanent facilities to pay for them as they are used by issuing bonds extending over a series of years during which time taxes for interest and sinking fund may be collected as provided by Section 17, Article XII. Neither the Constitution nor the statute contemplates the issuing of bonds payable in future years for

the purpose of employing teachers for district schools and to defray the general expenses of running and operating such schools.

An Appeal from the Circuit Court for Broward County; E. B. Donnell, Judge.

Reversed.

*C. E. Farrington,* for Appellant;

*Maxwell Baxter,* for Appellee.

WHITFIELD, J.—In proceedings under the statute, the Circuit Court validated an issue of $4,000.00 of six per cent. twenty-year bonds to be made by Special Tax School District No. 1 of Broward County, Florida, for the purpose of employing teachers for the schools of said district and to defray the general expenses of running and operating said schools. A citizen who intervened as provided by the statute took an appeal and contests the validity of the bond issue for the purpose stated under the sections of the Constitution controlling the matter.

The Constitution contains the following provisions:

"The legislature may provide for the division of any county or counties into convenient school districts; and for the election biennally of three school trustees, who shall hold their office for two years, and who shall have the supervision of all the schools within the district; and for the levying and collection of a district school tax, for the exclusive use of public free schools within the district, whenever a majority of the qualified electors thereof that pay a tax on real, or personal property shall vote in favor of such levy; Provided, That any tax authorized

by this section shall not exceed three mills on the dollar in any one year on the taxable property of the district. Sec. 10, Art. XII, Constitution of 1885.

"Any incorporated town or city may constitute a school district. The fund raised by section ten may be expended in the district where levied for building or repairing school houses, for the purchase of school libraries and text-books, for salaries of teachers, or for other educational purposes, so that the distribution among all the schools of the district be equitable. Sec. 11, Art. XII.

"The Legislature may provide for Special Tax School Districts, to issue bonds for the exclusive use of public free schools within any such Special Tax School District, whenever a majority of the qualified electors thereof, who are free holders, shall vote in favor of the issuance of such bonds.

"Whenever any such Special Tax School District has voted in favor of the issuance of such bonds, a tax not to exceed five mills on the dollar, in any one year, on the taxable property within the district voting for the issuance of bonds shall be levied in accordance with the law providing for the levying of taxes, to become a fund for the payment of the interest and redemption of such bonds." Sec. 17, Art. XII, added in 1912. See Acts of 1911, page 934.

The statutes of the State provide:

"That whenever the residents of a Special Tax School District in any county in this State shall desire the issuance of bonds by said Special Tax School District for the purpose of acquiring, building, enlarging, furnishing, or otherwise improving school buildings or school

grounds or for any other exclusive use of the public free school within any such Special Tax School District, they shall present to the County Board of Public Instruction of the county in which the said district is located a petition, signed by not less than twenty-five per cent. of the duly qualified electors residing within the said Special Tax School District, setting fourth in general terms the amount of the bonds desired to be issued and the purpose thereof and that the proceeds derived from the sale of such bonds shall be used for the purposes set forth in the said petition.'' Sec. 1, Chap. 6542, Acts of 1913, Sec. 416b, Comp. Laws 1914, Sec. 579 Rev. Gen. Stats. 1921.

Section 11, Article XII, contemplates that the taxes collected under Section 10 shall be used primarily for the current expenses of "public free schools within the district," which includes salaries of teachers "so that the distribution among all the schools of the district be equitable.'' See also Section 413, General Statutes of 1906, in which it is provided that "all special funds collected within a school district shall be disbursed solely for school purposes within the district in which the tax is collected and as near as practicable, in the year in which the tax is collected." The statute was passed before the adoption of Section 17, Article XII, in 1912, and has reference to the tax funds authorized by Section 10, Article XII. Section 17 of the Article is designed to supplement the funds provided by Section 10, so as to more amply provide the means for which bonds are usually issued, viz.: the acquisition or improvement of school houses, etc., the life or duration of which would have some relation to or coincidence with the period during which the bonds are to run. The purpose being to allow those who use such permanent facilities to pay for them as they are used by issuing bonds extending

over a series of years during which time taxes for interest and sinking fund may be collected as provided by Section 17, Art. XII. Neither the Constitution nor the statute contemplates the issuing of bonds payable in future years for the purpose of employing teachers for district schools and to defray the general expenses of running and operating such schools.

In so far as Section 14, Chapter 6542, Acts of 1913, Section 416ff, Compiled Laws of 1914, may conflict with the intent of Section 17, Article XII, the statute is controlled in its operation by the organic provision.

Reversed.

BROWNE, C. J., AND TAYLOR AND ELLIS, J. J., concur.

WEST, J., dissents.

WEST, J., dissenting.—By Section 10 of Article XII of the Constitution, special tax school districts are authorized to levy and collect district school taxes "not exceeding three mills on the dollar in any one year" on the taxable property of the district "for the exclusive use of public free schools within the district."

The language of this section, namely, "for the exclusive use of public free schools within the district," is construed in the following section of the Constitution to mean "for building or repairing school houses, for the purchase of school libraries and text books, *for salaries of teachers,* and for other educational purposes."

The section which authorizes the bonding of special tax school districts, namely, Section 17 of Article XII, proposed by the Legislature of 1911 and ratified at the

general election 1912, provided for the issuance of bonds
"for the exclusive use of public free schools within any
such special tax school district." This is precisely the
language used in the former section. There is no limit
prescribed for the amount of bonds to be issued by such
district except indirectly by limiting the millage to "not
to exceed five mills on the dollar in any one year" for the
purpose of raising funds "for the payment of the interest
and redemption of such bonds."

Now, since in the former section moneys derived by
taxation "for the exclusive use of public free schools
within the district" may be expended, among other things,
"for salaries of teachers," where does a court get the
authority to say that moneys derived from the sale of
bonds of such districts "for the exclusive use of public
free schools within such special tax school district" may
not be used for the payment of "salaries of teachers" and
can only be used, according to the opinion, for "the
acquisition or improvement of school houses, etc., the life
or duration of which would have some relation to or
coincidence with the period during which the bonds are
to run?"

According to the opinion in this case funds derived
from taxation direct in a school district "for the exclu-
sive use of public free schools within the district," may
be expended in the district, among other purposes, for
the "purchase of school libraries" or for "text books" or
for "salaries of teachers" or for "other educational pur-
poses," as expressly provided in the Constitution itself;
but on the other hand, funds derived from the sale of the
bonds for identically the same purpose, namely, "for the
exclusive use of public free schools within any such spe-
cial tax school district," which bonds are to be paid by

taxation upon property within the district, may not be expended for "salaries of teachers," and, presumably, therefore, may not be expended for the purchase of "school libraries" or for "text books" or for other like purposes, the result of which holding is that these items of expense, along with the item of "salaries of teachers," are within the meaning of the expression "for the exclusive use of public free schools" in one instance and without the meaning of the same expression in the other instance.

It seems to me, where identical language is employed in two sections of the Constitution on the same subject and its meaning is expressly defined in the first instance, that in the latter, which is a subsequent enactment, the Legislature and the people in adopting it must have intended to say the same thing that they said in the former, otherwise why employ identical words, the meaning of which were defined by the Constitution itself? Of course, the period of employment of a teacher may be in a sense temporary and the "improvement of school houses" may be in a sense permanent, but in reality the work of the teacher is more permanent than the house, and the need of the teacher more imperative.

But we are not dealing with questions of policy—with that this court has nothing to do. We are dealing with the question of the meaning of language, and the view I entertain is that where precisely the same language is employed twice in the same instrument on the same subject it should be held to mean the same thing, and especially so when it has been defined by those who employed it.