STATE OF FLORIDA *ex rel.* H. T. WILKES, JNO. C. CALHOUN, T. J. SWANSON, H. L. HAYS, R. H. WILDER, COMPOSING THE TOWN COUNCIL OF THE TOWN OF PERRY, FLORIDA, *Relators,* v. C. L. BRANDON, AS MAYOR OF THE TOWN OF PERRY, FLORIDA, *Respondent.*

## Division B.

## Opinion Filed October 22, 1926.

1. Where a municipality was duly authorized to exercise a particular municipal function and the manner of the exercise of such authority is not defined by statute, but is left to the City Council, the courts will not undertake to control the manner of the exercise of the authority by the city council, when no applicable rule of law is violated, and the authority given is not exceeded or abused.

2. When power to issue bonds is admitted and they have in fact been issued and validated by decree of the Circuit Court and no fraud is charged, it is then too late to contend that the issue embraced two or more separate propositions and that each proposition was not stated separately.

Motion to quash the alternative writ is overruled.

*William T. Hendry,* for Relators;

*L. W. Blanton,* for Respondent.

TERRELL, J.—The Town of Perry voted a bond issue in the sum of Twenty-five Thousand Dollars for the purpose of extending its water works and sewerage system. These bonds were in due course validated by decree of the Circuit Court of Taylor County as provided by Section 3296 *et seq.,* Revised General Statutes of Florida, 1920. After the said bonds had been voted and validated the Mayor,

who is made respondent in this cause, declined and refused to sign them as he was required by law to do. On petition of the relators an alternative writ of mandamus was issued, directed to the respondent as Mayor of the Town of Perry, commanding him to officially sign said bonds or to appear at the bar of this court at a day fixed and show cause why he refused and failed to do so. There was a return and motion to quash the alternative writ. The cause is now considered on the motion to quash alternative writ.

The return to the alternative writ admits all the material allegations thereof, but sets up the sole defense that the said bonds were issued or authorized for separate and distinct purposes, while the voters in the said town were denied the privilege of voting on each item or purpose separately. Respondent rests his defense on the opinion of this court in Antuono v. City of Tampa, 87 Fla. 82, 99 South. Rep. 324.

It is true that this Court in Antuono v. City of Tampa *supra,* approved the rule prescribed in 5 McQuillan on Municipal Corporations, Par. 2198, for submitting municipal bond issues to popular vote when they contain separate and distinct propositions to be voted on. The pertinent part of the said rule being as follows:

"If there are two or more separate and distinct propositions to be voted on, each proposition should be stated separately and distinctly so that a voter may declare his opinion as to each matter separately, since several propositions cannot be united in one submission to the voters so as to call for one assenting or dissenting vote upon all the propositions; and elections are invalid where held under such restrictions as to prevent the voter from casting his individual and intelli-

gent vote upon the object or objects sought to be obtained.''

In Perry v. Town of Panama City, 67 Fla. 285, 65 South. Rep. 6, this court also announced the doctrine to the effect that where a municipality was duly authorized to exercise a particular municipal function and the manner of the exercise of such authority is not defined by statute, but is left to the city council, the courts will not undertake to control the manner of the exercise of the authority by the city council, when no applicable rule of law is violated, and the authority given is not exceeded or abused. Merrell v. City of St. Petersburg, 74 Fla. 194, 76 South. Rep. 699, is to the same effect.

In the case at bar it is conclusively shown that the Town of Perry had ample authority to issue bonds for municipal purposes and no fraud or irregularity in the election or other proceedings connected with the issue and validation of the bonds brought in question is charged. It is further not pointed out or contended by respondent that the manner of voting the bonds or the way in which they should be submitted to the voters of the Town of Perry was defined by statute or ordinance; nor is it shown that in submitting the bonds involved in this litigation relators exceeded or abused the authority imposed in them.

The bonds in the instant case were for the purpose of ''extending the water works and sewerage system'' of the Town of Perry, Florida. It is not made to appear that such a purpose embraces ''two or more separate and distinct propositions'' as was contemplated by the rule announced in the Antuono case, and if it did so appear, we think that those desiring to avail themselves of the benefits of the rule, must do so in seasonable time. When power to issue the bonds is admitted, and they have in fact been issued and validated by decree of the Circuit Court as pro-

vided under the laws of this State, and no fraud is charged, an attempt to invoke the rule in the Antuono case comes too late.

Relators devote considerable space in their brief to an illuminating discussion of the conclusiveness of the validation proceedings and the decree as authorized by Section 3299, Revised General Statutes of Florida, 1920, but respondent rests his defense solely on the Antuono case, so it becomes unnecessary to discuss this question.

In view of the conclusion reached, it follows that the motion to quash the alternative writ should be and is hereby overruled.

WHITFIELD, P. J., AND BUFORD, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.