J. H. Juvenal, *Appellant,* v. Glen Dixon, George E. Miller and C. L. Brown, as members of the Board of Public Instruction of Broward County, Florida, a body corporate, *Appellees.*

Division B.

Opinion filed April 28, 1930.

*Robert J. Davis,* for Appellant;

*Everette H. Hunt,* for Appellees.

BUFORD, J.—Special Tax School District Number One, Broward County, proposed to issue $14,000.00 of bonds for the purpose of refunding $12,000.00 and interest matured and to mature up to and including 1933 which bonds had theretofore been issued by said Special Tax School District Number One and were legal obligations of said Special Tax School District and for any other exclusive use of the public free schools within the said Special Tax School District Number One.

It appears that the bonds were to be serial bonds numbered from 1 to 14 inclusive and one bond to mature and

be payable on November 1st, 1932, and one bond to be due and payable on the 1st day of November of each year thereafter to and including the 1st day of November, 1945.

A petition was filed to validate the bonds after the same had been authorized by an election of free-holders duly called and held within the district. The bond issue was validated by order of Circuit Court.

The appellant brought suit to enjoin the issuance of the bonds. It is admitted that the complainant may maintain the suit as a tax-payer; that Special Tax School District Number One was lawfully organized; that an election of free-holders was held on September 14th, 1929, in the District to determine whether or not the bonds should be issued and that the election resulted in favor of the bond issue.

There is no dispute as to the number of bonds to be issued nor as to the date of maturity. It is admitted that a decree was entered validating the bonds and the time for appeal from such decree had elapsed before the bringing of this suit.

A demurrer to the bill of complaint was sustained and the bill dismissed with prejudice.

The appellant contends; first, that the proposed issue of bonds for the purpose of paying past due interest is unconstitutional and void; second, that the proposed issuance of bonds to take up bonds which have not yet matured is unconstitutional and void; third, that the proposed issuance of bonds, the maturity of which is more than 90 days from the date on which the validating proceedings were held is in violation of Chapter 11855 Laws of Fla., Acts of 1927; fourth, that the attempted issuance of bonds by the said Special Tax School District is void *in toto* as it is an attempt to issue refunding bonds without constitutional or legislative authority.

Section 17 of Article 12 of the Constitution provides as follows:

"The Legislature may provide for special tax school districts to issue bonds for the exclusive use of public free schools within any such special tax school district, whenever a majority of the qualified electors thereof who are freeholders shall vote in favor of the issuance of such bonds, but no bonds shall be issued hereunder which shall exceed, together with the existing indebtedness of such special tax school district 20 per cent of the assessed value of the taxable property of such district according to the last assessment for State and County purposes prior to the issuing of such bonds. Any bonds issued hereunder shall become payable within thirty years from the date of issuance in annual installments which shall commence not more than three years after the date of issue. Each annual installment shall be not less than three per cent of the total amount of the issue. Whenever any such special tax school district has voted in favor of the issuance of such bonds a special tax for the payment of the interest on said bonds and the principal thereof as the same shall become due and payable, shall be levied on the taxable property within the district voting for their issuance in accordance with law, providing for the levy of taxes and such tax shall not be applied to any purpose other than the payment of the principal and interest of said bonds."

There is no contention that the total bond issue of the district, including the bonds proposed to be issued, will exceed 20 per cent of the assessed valuation of the property of such district.

This Court, in an opinion written by Mr. Justice STRUM,

in Davis v. Dixon, filed June 25, 1929, reported 123 So. R. 536, held that the provisions of Chapter 11855 could not apply to the issuance of bonds by Special Tax School Districts because the provisions of the statute are in conflict with the provisions of the Constitution above quoted and in that opinion discussing the application of the quoted section of the Constitution to the issuance of bonds to refund interest and principal on outstanding Special School District bonds, the Court say:

"The insuperable command of the Constitution is that these bonds, 'shall become payable within thirty years from the date of issuance in annual installments which shall commence not more than three years after the date of issuance. Each annual installment shall be not less than three per cent of the total amount of the issue.' That plan of maturity is therefore, mandatory and exclusive. In providing for the issuance of such bonds, it was necessarily contemplated that bonds would be issued in the usual commercial form, with interest payable according to the usual custom in such cases, which is usually, but, of course, not always, semi-annually. The Constitution prescribed not only the minimum maturities as to amounts, but further prescribes that the maturities in whatever amounts they are fixed, shall commence 'not more than three years after the date of issuance,' the purpose being that such amounts should be paid at that time. The language just above quoted as to maturities refers primarily to principal. It was no more contemplated by the Constitution however, that payment of the interest, which is provided for in the face of the bonds and is an integral part of the indebtedness, could be deferred so as to commence more than three years.

after date of issuance, than that payment of principal could be so deferred.

"The date of issuance of the existing bonds was October 1, 1926. It is proposed by issuing refunding bonds to defer payment of the interest accruing on the original bonds during the period from April 1, 1928, to October 1, 1928, aggregating $15,000, so that payment of the same will not commence until October 1, 1931, the date of the maturity of the first proposed refunding bonds, which is five years after the date of original issue. It would have been a clear violation of the Constitution to have made the interest mature in that manner originally. To permit that result to be accomplished by issuing the proposed refunding bonds would clearly defer payment of the interest in question so that payment thereof would commence beyond the time limited by the Constitution, and would enable the obligor district to accomplish by indirection what the Constitution commands that it shall not do directly."

It is observed from an inspection of the record in this case that it is not alleged when or at what date the original bonds were issued or at what date either the principal or interest became in default or at what date either will become in default. It is alleged that the first bond to mature, of the proposed issue, would mature on November 1, 1932, the same being more than three years after the date of the election authorizing the issuing of the bonds here under attack. The date of the issue of the proposed bonds is not alleged and it can not be assumed that the provisions of the Constitution will be violated in the manner pointed out in the opinion in Davis v. Dixon, *supra*.

It appears to us that the question as to whether or

not a special Tax School District is authorized specially to issue refunding bonds is not material in this case. The provision of the Constitution above referred to authorizes the issuing of bonds for the exclusive use of the public free schools within the Special Tax School District and such bonds having been issued, it becomes the duty of the Special Tax School District to procure the necessary money with which to pay the obligation incurred by reason of the issuance of such bonds. The obligation is to pay the interest as well as the principal. The obligation to pay the interest and the principal rests upon the Special Tax School District. It is not made to appear by the record here that the original bonds were not issued for the exclusive use of public free schools within such Special Tax School District. It is alleged that the bonds constituted an outstanding obligation of the district and the only inference to be drawn from this allegation is that they were bonds issued in due course and in accordance with the requirements of the Constitution for the use of the public free schools of the Special Tax School District. Twelve thousand ($12,000.00) Dollars of the proposed issue of bonds is to meet the obligation so incurred for the use of the public free schools within the Special Tax School District and it is not alleged that either of the requirements of the constitutional provisions; first, that the bonds together with existing indebtedness of the Special Tax School District exceed 20 per cent of the assessed valuation of the taxable property of such district according to the last assessment for state and county purposes prior to the issue of the bonds; second, that they do not become payable within thirty years from the date of issuance in annual installments; or third, that the annual installments do not begin to mature within three years after the date of issue; or fourth, that any annual installment

is less than 3 per cent of the total amount of the issue. Neither does it appear from the record that the $12,000 of the original bond issue, the provision for payment of which is here sought to be effectuated, could not have been lawfully spread out over a like period and with like maturities of interest and principal as will be accomplished by this proposed issue and, therefore, the bill failed to show that the district would be enabled to accomplish by indirection in pursuing this course what the Constitution commands that it shall not do directly.

In the issuance of the $12,000.00 of the bonds proposed to meet the valid obligations of the district when the same become due and payable, the district is assuming no new obligation or additional debt. It is only providing a means whereby it may discharge the existing obligations. See Davis v. Dixon, *supra*. It is providing for the liquidation of its existing debt and has pursued the same course and procedure in and about issuing bonds to effectuate such liquidation as it was required under the Constitution to pursue in and about issuing bonds which constitute the evidence of the obligation which it now seeks to liquidate.

The bill of complaint does not allege such a state of facts as to show a violation of the Constitution or that the issuance of the bonds will place an unauthorized tax burden on the district.

The order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.