STATE, *ex rel.* L. F. RODGERS, and JAMES G. MARTIN, successors·to J. W. GILLESPIE, *et al.,* v. E. B. WALTHAL, as Mayor and as a member of the City Commission of the City of Winter Haven, SHERMAN T. TAYLOR, A. M. HESS, E. H. SWEET and E. S. HORTON, as members of the City Commission of said City of Winter Haven, *et al.*

170 So. 115.
Opinion Filed October 12, 1936.

*D. C. Hull* and *Hull, Landis & Whitehair,* for the Relators;

*Henry Sinclair,* for Respondents.

DAVIS, J.—This case is again before us for consideration upon the relators' further attack upon the amended and further return of the respondents filed pursuant to the opinion and order of this Court entered July 21, 1936. See State, *ex rel.* Gillespie, v. Walthall, 124 Fla. 866, 169 So. Rep. 552.

The object of the present proceeding, as shown by the former opinion, is simply to require the levy of a tax for the interest and sinking fund requirements of the City of Winter Haven's refunding bonds only to the extent that such tax would have been leviable and collectible for the satisfaction of the bonds refunded, had the refunding bonds never been issued. The refunding bonds have been validated by decree of the Circuit Court in appropriate validation proceedings.

The principal effect of a Circuit Court decree under Sections 5106 C. G. L., 3296 R. G. S., *et seq.,* validating and confirming the issuance of refunding bonds is to set in perpetual repose the validity of the *debt* refunded by means of such bonds. It also operates to preserve in force, unimpaired, for the benefit of the refunding bond takers, such sources of revenue as were pledged by the original bonds so refunded in cases where specified sources of revenue that were originally pledged have been repledged and reaffirmed in the refunding bonds so validated. This is so, even though the validated refunding bonds may contain other and additional attempted pledges of revenue resources that are invalid, unconstitutional or unenforceable because made absent the approving vote of the freeholder electors had in accordance with amended Section 6 of Article IX of the Constitution as to such additional or supplementary pledge of resources.

In this case the original bonds and the refunding bonds constitute general obligations of the City of Winter Haven. The original bonds pledged an *ad valorem* tax levy for the interest and sinking fund requirements thereof, that would have been enforceable in the manner, and to the extent, herein sought, had the relators in this case not exchanged their original bonds for the refunding bonds that are the predicate for this suit. The refunding bonds here in controversy repledge the tax resources that were available to relators for the satisfaction and discharge of the original debt that is now evidenced by the refunding bonds, so to the extent, at least, that recourse limited to that means of payment is now being resorted to in the instant proceeding, the relief sought should be granted, the amended answer and return of the respondents to the contrary notwithstanding.

We also reaffirm, as has been already definitely decided in the former opinion in this case, that it is no defense to this mandamus proceeding seeking to require a tax levy upon property within the boundaries of the obligor, City of Winter Haven, to pay interest coupons upon and provide a sinking fund for the issue of refunding bonds sued upon herein, to show that a part of the proceeds of an issue of original bonds that were exchanged for the refunding bonds relators now hold, were expended or used for the purpose of making improvements beyond the lawful boundaries of the obligor municipality, or for the purpose of making improvements principally for the benefit of private individuals. This is so, because the existence of a lawful indebtedness to be refunded by means of the refunding bonds issued, is a justiciable controversy that was conclusively adjudicated, and put in perpetual repose, by the validation decree that appears to have been rendered prior to the time

the refunding bonds were accepted, in consideration of the exchange and surrender therefor of the original bonds relators formerly owned. See: State v. Hillsborough County, 113 Fla. 345, 151 Sou. Rep. 712, where it was held to be a good defense in proceedings brought to validate refunding bonds to show probable invalidity of bonds proposed to be refunded as a cause for refusal to validate the refunding funds until the validity of the debt proposed to be refunded had been determined.

It follows that the relators' demurrer is well taken as to grounds 5, 17, 19 and 24, and is therefore sustained. The ruling on the demurrer makes unnecessary the disposition of the motion to strike addressed to the same pleading. It is ordered that respondents be given fifteen days within which to further amend their answer and return in a manner not inconsistent with this opinion. In default of said amendment it is ordered that the default of the respondents be entered by the Clerk of this Court and that thereupon relators do have final judgment upon their demurrer awarding a peremptory writ of mandamus, same to be issued in conformity to the commands of the alternative writ, and that relators recover the costs of this proceeding to be taxed herein by the Clerk, as a part of said judgment.

Demurrer to amended and further return sustained, with directions for further proceedings herein.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in the conclusion.