R. E. OLDS and TRUMAN H. NEWBERRY v. DEAN ALVORD, *et al.*

183 So. 711.
*Opinion Filed March 29, 1938.

*Edgar John Phillips, Harry L. Thompson* and *J. Tweed McMullen,* for Appellants;

*Baskin & Jordan, D. G. Haley* and *Mabry, Reaves, Carlton & White,* for Appellees.

PER CURIAM.—In this cause Mr. Chief Justice ELLIS, Mr. Justice TERRELL and Mr. Justice CHAPMAN are of the

*See page 345 of this Report for opinion on Rehearing, filed October 11, 1938.

opinion that the decree of the Circuit Court should be affirmed, while Mr. Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice BUFORD are of the opinion that the decree should be reversed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the said decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore, it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. R. 51, that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

TERRELL, J.—Eight questions are argued for adjudication on this appeal. They have been very thoroughly presented pro and con. A record of more than seven hundred pages and briefs of two hundred fifty pages have been lodged in this Court for the purpose of exemplifying the views of counsel on the questions raised.

The record and the briefs have been carefully analyzed and considered, but in so far as we can discern, every question turns out that whether or not the opinion of this Court in State, *et al.,* v. Town of Bellair, 125 Fla. 669, 170 So. 434, should be modified or receded from. We are confronted here with different parties, but with a factual situation very similar to that in the latter case.

State, *et al.,* v. Town of Bellair, *supra,* was a refunding bond validation suit in which taxpayers were permitted to intervene and file answers challenging the validity of the

validating decree on the ground that the proceeds of the bonds brought in question were not used for a public purpose, but were used to promote private enterprises contrary to Section 7 of Article IX of the Constitution of Florida.

On final disposition, we found that the proceeds of the original bonds were used to construct streets and highways in a private real estate development and to improve the water front of a private hotel corporation's property and that having been so used, they were under Section 7 of Article IX of the Constitution void in so far as they constituted a charge against the municipality.

After the rendition of this judgment, the instant suit was instituted by certain property owners and taxpayers in the Town of Bellair in behalf of themselves and all other owners of real and personal property in the town. The bill of complaint prays that the officials of the town be enjoined from attempting to assess or collect any tax to pay principal or interest on said bonds and that it be decreed that said bonds were issued for the benefit of private corporations contrary to Section 7 of Article IX of the Constitution. The bill did not pray for relief against the bondholders, some of whom were made parties defendant to the suit with the officers of the town.

On final hearing, after answers were filed and testimony taken, the chancellor entered a final decree permanently restraining the town and its officers from levying any tax upon the properties of the plaintiffs, or any of them, or upon any other properties in the Town of Bellair for the purpose of paying principal or interest or any part thereof, evidenced by the said bonds. This appeal is from the final decree so entered.

The decisive question may be stated as follows: Do the facts presented bring this case within the rule enunciated in State, *et al.,* v. Town of Bellair, *supra,* but whether so or

not, are the plaintiffs as taxpayers estopped by the validation decree or recital in the face of the bonds from denying that they were issued and the proceeds thereof used for a public purpose?

There are some immaterial variations in the evidence, but we find nothing to relieve this case from the rule announced in State, *et al.,* v. Town of Bellair, *supra.* The chancellor in his opinion found "that the primary object of these issues and the appropriation of the proceeds of these issues was to benefit the property of either Bellair Estates, Inc., or Bellvue-Griswold Hotel Company or both, each being a chartered company of the State or a corporation." The appropriation of the proceeds of the bonds was the gist of the transaction and is determinative of this phase of the case. The chancellor's decree finds ample support in the record; in fact, we find little or nothing to contradict it.

As to whether or not taxpayers in the Town are estopped by the vadliation decrees or by recitals in the bonds from denying that they were issued and the proceeds used for a public purpose appellants contend that this question should be answered in the affirmative and rely on State, *ex rel.* Conn, v. Board of County Commissioners of Hillsborough County, decided November 23, 1937; Board of Public Instruction of Dade County v. Tanger Inv. Co., 121 Fla. 703, 164 So. 697; State, *ex rel.* Havana State Bank, v. Rodes, 115 Fla. 259, 151 So. 289; State, *ex rel.* Nuveen, v. Greer, 88 Fla. 249, 102 So. 739; State, *ex rel.* Rogers, v. Walthail, *et al.,* 125 Fla. 425, 170 So. 115; Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253; Thompson v. Town of Frostproof, 89 Fla. 92, 103 So. 118; City of Fort Myers v. State, 95 Fla. 704, 117 So. 97; Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486; Crawford v. State, *ex rel.* Klemmer, 110 Fla. 301, 149 So. 340; State

v. Citrus County, 116 Fla. 676, 15 So. 4; Hillsborough County v. Keefe, 82 Fed. (2nd) 127, and other cases of like import to support their contention.

With the exception of State, *ex rel.* Conn, v. Board of County Commissioners of Hillsborough County, every one of these cases was examined and considered in connection with our decision in State, *et al.*, v. Town of Bellair, and we do not consider that what we said in any of them is in conflict with what was said in the latter case. Neither do we consider State, *et al.*, v. Town of Bellair in conflict with State, *ex rel.* Conn, v. Board of County Commissioners of Hillsorough County. In our opinion in the latter case, we held in terms that it was differentiated from the Bellair case. It is quite true that the question of estoppel by reason of both the validation decree and the recitals in the bonds was raised in both these cases, but in the Hillsborough County case it was raised by the county which issued the bonds, while in the Bellair case, it was raised by a taxpayer. In so far as the instant case is concerned, this was the distinguishing difference between them. We held the defense good as to the taxpayer, but unavailing to the county and nothing in this case convinces us of error in that judgment.

We will not labor this opinion with a review of all these cases, suffice it to say that in them as in others, we hold that matters affecting the power of a municipality to issue bonds, their regularity or legality both as to law and fact, may be put in repose by validation proceedings. We have also held that this rule may extend to constitutional rights designed solely for the benefit of the individual or which he may waive, but we have never held that validation proceedings precluded those directly affected from raising constitutional defects that were not directly raised and settled in the validation suit. In fact, we have repeatedly held

that such defenses may be later invoked if not raised and settled by validation.

Section 7 of Article IX of the Constitution is a positive direct inhibition against imposing any tax for the benefit of any chartered company of the State or for paying interest on any bonds issued by such chartered companies, or by counties, or by corporations, for these purposes. The chancellor found without qualification that the primary object of these issues of bonds and the proceeds of the bonds in question were used primarily for the benefit of chartered companies of the State in clear violation of this provision of the Constitution and we hold that no tax can be imposed by the municipality to pay them.

It would hardly seem necessary to say more as to what the validating decree puts in repose. As to whether or not recitals in the bonds will estop the taxpayer and preclude him from raising the question of their validity in a case of this kind, what we said in State, *et al.,* v. Town of Bellair, *supra, i*s conclusive on that point. In fact, all the material questions raised in this case are concluded by what we said in the latter case. This is not a holding that the bonds are invalid. It is nothing more than a holding that a tax cannot be imposed to pay them.

Neither the Legislature or the citizen can contract against constitutional mandate, and even if the bonds in question recited that they were issued in compliance with Section 7 of Article IX, when in fact they were not, no estoppel would arise in favor of the *bona fide* purchase. In order that recitals in bonds may protect the *bona fide* holder, they must be made by officers authorized to pass on and determine the existence of the facts recited and to make them conclusive. County of Dixon v. Marshall Field, 111 U. S. 83, 28 L. Ed. 360; Crawford v. State, 110 Fla. 301, 149

So. 340; Havana State Bank v. Rodes, *et al.*, 115 Fla. 259; 151 So. 289.

The bonds in question contain no recital or suggestion as to conditions condemned by Section 7 of Article IX. The City Commissioners were without authority to issue them for the purposes condemned therein and the burden was on the purchaser to ascertain that they were issued and the proceeds thereof expended for a lawful purpose even if it requires a judicial determination to do so. Shelby County, Texas, v. Provident Savings Bank and Trust Co., 54 Fed. (2nd) 602; Independent School District, *et al.*, v. Joel Stone, 106 U. S. 183, 27 L. Ed. 90; Hedges v. Dixon County, 150 U. S. 182, 14 Sup. Ct. Rep. 71.

Appellants have said much about the evil consequences resulting if this view becomes the law, the bonds having passed into the hands of innocent purchasers. We appreciate the force of this argument, but as heretofore said, the purchasers were on notice of Section 7 of Article IX of the Constitution, the fact that its provisions could not be waived and the fact that the courts were without power to relieve under such circumstances. It may be that this holding will impose on the purchaser of the bonds the duty of ascertaining how their proceeds were used, but this will be no more onerous than some of the other duties imposed on him.

This Court has repeatedly commended a high standard of municipal integrity in matters of this kind, but the equities here are not all on the side of the bondholder. Section 7 of Article IX was written in the Constitution to protect the taxpayer, the bond purchaser was on notice of it, and its mandatory character, and could have protected himself. He has recourse against the improved property, but he can claim nothing against the city. The taxpayer has recourse against no one. We are urged to approve one of the most

flagrant violations of this provision of the Constitution that has been called to our attention. The manner in which it was done is immaterial so far as the taxpayer is concerned. If it can be circumvented by a species of legal circumlocution in the manner contended, it is obsolete and had as well be written off the book.

It is also urged that the instant suit cannot be maintained as a class suit and that, consequently, the decree does not affect those taxpayers not made parties to the cause.

Section 14 of the 1931 Chancery Act provides that when the question involved is one of common or general interest to many persons, constituting a class so numerous as to make it impracticable to bring them before the court, one or more may sue or defend for the whole. The allegations of the bill are sufficient to bring it within this rule, so the objection is without merit. Supreme Tribe of Ben Hur v. Cauble, 255 U. S. 356.

Other assignments of error have been examined, but reversible error does not appear.

ELLIS, C. J., and CHAPMAN, J., concur.

WHITFIELD, J.—The bill of complaint in effect alleges that bonds of the municipality were issued and sold and the proceeds used, not for public purposes, but for the benefit of private corporations and individuals, in violation of Section 7, Article IX, of the Constitution of Florida; and it is prayed that taxes to pay the bonds be enjoined. The taxes were enjoined and defendants appealed.

The Constitution of Florida contains the following:

"No tax shall be levied for the benefit of any chartered company of the State, nor for paying interest on any bonds issued by such chartered companies, or by counties, or by corporations, for the above-mentioned purpose." Sec. 7, Article IX, Florida Constitution.

The organic section forbids taxation *for the benefit of any chartered company* of the State *or for paying interest* on any bonds *issued by* any chartered company of the State or by counties or by corporations *for the benefit of any chartered company of this State.*

The evil sought to be avoided by the organic section is taxation for the benefit of any chartered company of this State, as is illustrated in the issue of bonds by counties and cities to aid in the construction of railroads. See Columbia County v. King, 13 Fla. 451; Canover v. Baker County, 18 Fla. 512; County of Jefferson v. Lewis, 20 Fla. 980; Jefferson County v. Hawkins, 23 Fla. 223, 2 So. 362; Sec. 22, Chap. 610, Internal Improvement Fund Act of 1855, approved Jan. 6, 1885; Hawkins v. Mitchell, 34 Fla. 405, 16 So. 311; Wilson v. Mitchell, 43 Fla. 107, 30 So. 703; Trustees Internal Improvement Fund v. Bailey, 10 Fla. 112.

Where county or municipal or district bonds are legally issued for public improvements or public facilities, the mere fact that corporations or individuals are benefited by such public improvements or facilities along with or in common with the public generally, does not violate Section 7 of Article IX of the Constitution. Hunter v. Owens, 80 Fla. 812, 86 So. 839; West v. Town of Lake Placid, 97 Fla. 127, 120 So. 361; Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486.

Decrees validating municipal bonds duly rendered under the statute are conclusive of the validity of the bonds validated unless there was no legal authority to issue the bonds, or unless the statute or the bonds or the record of the proceedings under which the bonds were issued, show that the bonds violate some command or prohibition of the Constitution relating to the bonds. Commands and prohibitions of the Constitution control over legislative or judicial vali-

dations of bonds. Validations cannot supply an entire absence of authority to issue municipal bonds, or cure a patent violation of a command or prohibition of the Constitution. Weinberger v. Bd. Pub. Inst., 93 Fla. 470, text page 492, 112 So. 253.

The tax enjoined in this case is not "levied for the benefit of any chartered company," nor to pay interest on bonds issued by any chartered company or by any county or corporation for the benefit of any chartered company, in violation of any of the provisions of Section 7, Article IX, of the Constitution, which organic provisions are intended for the benefit of taxpayers. The tax enjoined would be levied to pay bonds issued by a municipality *for municipal purposes,* which purposes were *authorized by statute* and *not forbidden* by the Constitution.

At least the greater part of the bonds have been validated by judicial decrees under the jurisdiction conferred by the statute, all of "the taxpayers and citizens of the * * * municipality" being, by notice published under this statute, made parties defendant to the validating proceedings. No taxpayer asserted the invalidity of the bonds in the validation suits, and the decrees of validation are conclusive against the "municipality * * * and against all taxpayers and citizens thereof." Sec. 5109 (3299) C. G. L.

*No violation of a command or prohibition of the Constitution* in issuing the bonds is shown by the statute or by the bonds or by the record for issuing the bonds. Such a violation of organic law, *if so shown* would be binding notice to purchasers of the bonds. See 44 C. J. 1243. The bonds state the statutory authority under which they were issued and recite a compliance therewith, together with a pledge of full faith and credit of the town for the payment of the bonds. Recitals and covenants contained in the bonds are binding on the taxpayers, and no violation of the

Constitution in issuing the bonds appears by the bonds or by the issuing or validating proceedings. Sparks v. Ewing, 120 Fla. 520, 163 So. 112; City of Hialeah v. United States, 87 Fed. (2d) 953; State, *ex rel.* Conn, v. Henderson, 130 Fla. 288, 177 So. 539; Hillsborough County v. Keefe, 82 Fed. (2d) 127; State, *ex rel.* Rogers, v. Walthall, *et al.,* 125 Fla. 423, 170 So. 115. See also validating Act, Chapter 10338, Acts of 1925; 44 C. J. 1254; 104 Fed. 473, 486; 17 Fla. 174; 125 Fla. 423, 170 So. 115; 123 Fed. 1.

If the bonds or the *proceeds of bond sales were being illegally used* "for the benefit of any chartered company" by making improvements primarily for the benefit of property owned by chartered companies in building sea walls and other improvements in front of, or on such private property, as is in effect alleged, such illegal action must have been obvious to citizens and taxpayers of the town; and any taxpayer could have invoked judicial decrees enjoining such asserted illegal use of the bonds or the funds; and not having done so, all have thereby waived their rights to challenge the validity of a tax to pay the bonds upon the stated grounds resting *in pais,* when, as here, no illegal use of the bonds or their proceeds for the benefit of any chartered company, as asserted, appears by the bonds or by the record of the proceedings for their issue, or by the law under which the bonds were issued. See Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507; State, *ex rel.,* v. Broward County Port Authority, 118 Fla. 42, 151 So. 416, 718, 158 So. 62. See Perry v. Town of Panama City, 67 Fla. 285, 65 So. 6; State, *ex rel.,* v. Brandon, 92 Fla. 793, 110 So. 127; 44 C. J. 1253.

In Thompson v. Town of Frostproof, 89 Fla. 92, 103 So. 118, the bonds *had not been issued,* and it was held that no "bonds can legally be issued to improve streets where no

streets in law exist." See City of Fort Myers v. State, 95 Fla. 704, 117 So. 97.

In the Weinberger case, 93 Fla. 470, 112 So. 253, *the issue of bonds* by a special tax school district *was enjoined* because the bonds showed on their face that an express command of the Constitution *as to the terms of the bonds* would be disregarded and violated if the bonds were issued. The record proceedings for issuing the bonds and the terms of the bonds were in conflict with the express commands of Section 17, Article XII, of the Constitution then in force. See Leonard v. Franklin, 84 Fla. 402, 93 So. 688; Barrow v. Moffett, 95 Fla. 111, 116 So. 71; State v. Board of Public Instruction, Indian River County, 98 Fla. 1152, 125 So. 357; Bd. Pub. Inst. v. Union School Furn Co., 100 Fla. 326, 129 So. 824.

In State, *ex rel.* Bours, v. L'Engle, 40 Fla. 392, 24 So. 539, a statute authorizing general county bonds to be issued for public free school purposes in the county was adjudged in violation of the limitations contained in Article XII of the Constitution, and therefore void. No bonds were issued.

In the Nuveen case, Article XII of the Constitution impliedly forbade the issue of *municipal* bonds for the support and maintenance of public free schools, which rendered the bonds ineffectual, even in the hands of purchasers for full value, because they were issued by the municipality for public free school purposes in violation of the Constitution as *shown by the record and by the bonds,* and not by matters *de hors* the record arising after the bonds were issued and sold. The statute attempting to authorize the municipality to issue bonds for public free school purposes on its face, violated Article XII of the Constitution. Munroe v. Reeves, 71 Fla. 612, 71 So. 922; State, *ex rel.* Nuveen, v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298; Nuveen

v. City of Quincy, 115 Fla. 510, 156 So. 153. See also Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716. See Parkersburg v. Brown, 106 U. S. 487; Johnson v. Bd. Pub. Inst., 81 Fla. 503, 88 So. 308; Bd. Pub. Inst. v. Union School Furn. Co., 100 Fla. 326, 129 So. 824.

"Municipal bonds issued without competent legal authority or for a purpose that is forbidden by controlling law are invalid even in the hands of *bona fide* holders for value. And recitals of compliance with the law contained in municipal bonds, cannot confer authority' not legally given to issue the bonds. 44 C. J. 1248; State, *ex rel.* Nuveen, v. Greer; 88 Fla. 249, 102 So. 739; 37 A. L. R. 1298; Holland v. State, 15 Fla. 455; State, *ex rel.* Bonns, v. L'Engle, 40 Fla. 392, 24 So. 539; Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716; Munroe v. Reeves, 71 Fla. 612; 71 So. 922; Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253; State v. Hillsborough County, 113 Fla. 345, 151 So. 712; First Nat. Bank of Key West v. Board of Public Instruction, 107 Fla. 525, 145 So. 203; O'Brien v. Wheelock, 184 U. S. 540, 22 S. Ct. 354; 46 L. Ed. 636; Sutliff v. Lake County Comm'rs, 147 U. S. 230, 13 S. Ct. 318, 37 L. Ed. 145. See Barnett v. Dennison, 145 U. S. 135, 12 S. Ct. 819."

"Where there is adequate legal authority for the issue and sale of municipal bonds, and the bonds are issued for an authorized municipal purpose, mere administrative or ministerial irregularities in issuing the bonds may not render the bonds invalid in the hands of a *bona fide* holder. particularly when the bonds contain a statement that the laws have been fully complied with in issuing the bonds. See Crawford v. State, *ex rel.*, 110 Fla. 301, 149 So. 340; State v. Rodes (Fla.) 151 So. 289; Jefferson County v. B. C. Lewis & Sons, 20 Fla. 980; Town of Aurora v. Gates, 125 C. C. A. 329, 208 F. 101, L. R. A. 1915A, and notes

An illegal use of. the proceeds of bonds legally issued and sold to *bona fide* holders for value may not affect the validity of the bonds. 44 C. J. 1247." See also West Plains Tp. v. Sage, 69 Fed. 943. State, *ex rel.*, v. Broward County Port Authority, 118 Fla. 42, text page 670, 151 So. 416; 718, 158 So. 62.

"While the proceeds of bonds sold by the municipality must be applied to the purposes for which the bonds were issued and sold, the purchaser of such bonds is not required to look to the application of the proceeds, and hence it is no defense that the proceeds of the bonds were improperly applied or used for an unauthorized purpose." McQuillin, Municipal Corporations (2d Ed.) Vol. 6, Sec. 2516. See Hightower v. Raleigh, 150 N. C. 569, 65 S. E. 279; Jones v. Camden, 44 S. C. 319, 23 S. E. 141, 51 Am. St. Rep. 819; Clifton Forge v. Allegheny Bank, 92 Va. 283, 23 S. E. 284.

This suit is to enjoin taxation to pay municipal bonds, based upon matters not of record when the bonds were issued: i. e., the use of the bonds or the bond *proceeds* in violation of Section 7, Article IX, of the Constitution. The bonds *were issued and sold* years ago upon a record of proceedings showing the bonds were to be issued for *authorized municipal purposes;* and at least a large part of the bonds were validated by decrees of. the Circuit Court under the jurisdiction conferred by statute; and nothing in the record of the proceedings or in the bonds indicated that the bonds were to be used in violation of Section 7, Article IX, of the Constitution, which organic section does not require *bona fide* purchasers of municipal bonds to see to the proper application of the bond proceeds. See Hightower v. Raleigh, 150 N. C. 569, 85 S. E. 279.

The statute under which the decrees were rendered validating the bonds, provides by published notice for appropri-

ate parties, including the taxpayers and citizens of the municipality, with adequate notice of hearing; and the statute also provides that "the decree of the Circuit Court validating and confirming the issuance of the bonds (if not reversed on appeal) * * * shall be forever conclusive as to the validity of said bonds * * * against the * * * municipality * * * and against all taxpayers and citizens thereof; and the validity of said bonds * * * shall never be called in question in any court in this State." Sec. 5109 (3299) C. G. L. See Little River Bk. & Tr. Co. v. Johnson, 105 Fla. 212, 141 So. 141; Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507; Steen v. Bd. of Pub. Inst., 80 Fla. 146, 85 So. 684; Bd. Pub. Inst. v. State, ex rel. Tanger Inv. Co., 121 Fla. 703, 164 So. 697. See notes 37 A. L. R. 1310; 86 A. L. R. 1057.

In City of Bradenton v. State, 88 Fla. 381, 102 So. 556, 36 A. L. R. 1297, the circuit court denied a validating decree upon averments in the answer by a taxpayer tending to show that the proposed municipal bonds if issued would violate Section 7 of Article IX of the Constitution; and such decree denying validation was affirmed by this Court.

Any taxpayer could have contested the validating proceedings covering bonds referred to in this case, if the bonds were to be used in violation of Section 7, Article IX, Constitution. See Juvenal v. Dixon, 99 Fla. 936, 128 So. 27. Or illegal use of the bonds proceeds could have been enjoined. See City of Tampa v. Salomonson, 35 Fla. 446, 17 So. 581; Suburban Inv. Co. v. Hyde, 61 Fla. 809, 55 So. 76; Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716.

Section 7, Article IX, of the Constitution of Florida does not forbid the issue or the payment of bonds of a municipality for authorized municipal purposes, or require bona fide purchasers of such bonds to see to the proper ap-

plication of the bond proceeds; and when taxpayers of the municipality acquiesce in the validation of such bonds and in the use of the bond proceeds, taxation to pay the bonds held *bona fide* should not be enjoined on the ground that the bond proceeds were used for the benefit of chartered companies or individuals, unless it appears by the statute authorizing the bonds, or by the bonds, or by the record proceedings for issuing or validating the bonds, that the bonds or the proceeds thereof were to be used for the benefit of chartered companies or otherwise in violation of such Section 7, Article IX.

No taxpayer resisted, as authorized by statute, the validation of the bonds on the ground that Section 7, Article IX, would be violated by the issue of the bonds as was done in City of Bradenton v. State, 88 Fla. 381, 102 So. 556, 36 A. L. R. 1297; the issue of the bonds was not enjoined as in Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253, and in Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716; the bonds were validated under the statute and on their face showed they were issued in compliance with law, and they do not show that they were issued in violation of the Constitution as did the bonds held invalid in the Nuveen and Weinberger case. Illegal use of the bond proceeds could have been enjoined.

The bonds held *bona fide* having been issued pursuant to statutory authority and not in violation of Section 7 of Article IX of the Constitution, taxes may be levied to pay them as required by law even though proceeds of the bonds may have been illegally used for the benefit of chartered companies or individuals, there being no showing by a record binding on *bona fide purchasers* of the bonds that they were issued in violation of Section 7 of Article IX of the Constitution.

BROWN and BUFORD, J. J., concur.