JOHN T. WALKER ET ALS., APPELLANTS, VS. GEORGE F. DREW ET ALS., APPELLEES.

1. A surety for a debt of a deceased intestate, the debt being due, has a provable claim against the estate.

2. In the absence of a legal personal representative of a deceased intestate a creditor of such intestate has no equity to have a receiver appointed to collect the assets and administer the estate; this, in a suit by such creditor against an alleged wrongful executor, a creditor of the intestate, and a debtor to the intestate.

Appeal from the Circuit Court for Duval county.

Plaintiffs, respondents, Drew, Bowden, Dzialynski and Buckman, file their bill in chancery, and allege substantially that H. B. McCallum, in his lifetime, and on the

20th of January, A. D. 1881, executed a promissory note to S. B. Hubbard for four hundred dollars, payable one year after date, and that they joined in the execution of said note with him; that while in form the note is a joint note, they were, in fact, sureties, the money being borrowed by him and for him; that this money he used about a publishing and printing company, alleged to be a corporation, in which printing and publishing business he was then engaged; that the said McCallum was the owner of all the stock, property, business and effects of said printing establishment, the business of said establishment being the publication of the daily and weekly *Florida Union;* that about the 27th of January, A. D. 1883, the said H. B. McCallum sold all of his said printing establishment, stock, effects and type, to defendant, Charles H. Jones, for the sum of twelve or fifteen thousand dollars or more; that the said McCallum received in cash about five thousand dollars, and " six thousand or nine thousand five hundred or more dollars " in notes secured by mortgage for the balance of the purchase money; that McCallum died on the 29th January, A. D. 1883, leaving a balance of about $300 due on said note to Hubbard; that his widow, Elizabeth H. McCallum, survived him; that immediately upon his death John T. and George U. Walker, without legal authority as administrators or executors, possessed themselves of all the property of the said McCallum, publishing a notice in a public newspaper calling upon all persons indebted to McCallum to make prompt payment to them, and calling upon all creditors of McCallum to present their claims to them; that as such creditors the plaintiffs presented said note, but that notwithstanding frequent applications for payment they have been unable to collect it; that John T. & George U. Walker have collected a large amount of the assets of the estate and have paid some of the debts.

Plaintiffs aver upon information and belief that in addition to large sums paid out by said defendants on the debts of the deceased the sum of $7,000 has been paid out of the purchase money of said property, assets of the estate, but to whom said payments were made they do not know, except that they are informed that one Winburn J. Lawton received several thousand dollars of the same; that the said Lawton was entitled to no priority as against plaintiffs, nor were the other creditors, to whom payments were made, entitled to any priority.

The plaintiffs allege that there should still remain, as assets of said estate, the sum of five thousand dollars, or more, the balance of purchase money of the printing establishment, which McCallum sold before his death, secured by mortgage, and other large sums of money, assets of said estate, and that there is a sufficient amount of assets to pay their claim, if a proper and judicious management or administration of the assets of said estate be had and immediate steps are taken to secure the same.

Plaintiffs allege that a part of the purchase money, being the sum of $6,500 of said property sold by said McCallum to said Charles H. Jones, now appears of record in notes, secured by mortgage on the same property in the name of E. H. McCallum, widow of H. B. McCallum; that said notes are signed by Charles H. Jones, and bear date January 31, 1883; that they are informed and believe that the said E. H. McCallum was not possessed of means to purchase said notes, and aver that the said notes and mortgage are properly a part of the estate; that the debts due in the said printing business and "the record claims and liens against said H. B. McCallum, or his said estate," did not exceed in all the sum of $5,000; that the debts of the printing business did not exceed the sum of three or four hundred dollars; that this sum was due the employees of the

printing establishment; that the said defendants, John T. and George U. Walker, "now claim to know nothing of said estate, or the assets thereof, or to represent the same"; that while they have thus managed the estate, they have given no bond for the application of the assets of the estate, and unless some order is given for the security of the plain‑ tiffs their claim will be endangered, if not lost; that the mortgage notes aforesaid and other securities "received as part payment of such purchase money are negotiable and may be, if they have not already been disposed of, and the claim of your orators defeated, a part of said purchase money already appearing, as aforesaid, now of record in notes, secured by mortgage upon the same property in the name of the widow of McCallum, in the sum of $6,500."

Plaintiffs aver that the widow of McCallum was not pos sessed of means to have purchased the said mortgage notes, and that this debt was a part of the assets of the estate.

Plaintiffs pray that defendant, Charles H. Jones, may be enjoined from paying said notes and mortgage, or any part of the debt due, or to become due to H. B. McCallum, to John T. and George U. Walker, or any other person except by order of the court; that a receiver be appointed to take charge of all the assets of the estate of H. B. McCallum, he to control, keep and dispose of them under the direction of the court; that the note and mortgage for the sum of $6,500, given by said Jones to the widow of said McCal lum, may be decreed to be a part of the assets of his estate, subject to the claim of plaintiffs; that the said widow may be enjoined from any disposition or control of the same; that the said Hubbard may be required to present and prove his said claim before a master of this court; that upon such proof the amount of said claim may be immedi ately paid and satisfied in full out of the effects of the es tate. There is a prayer for alternative relief.

The defendants interposed a demurrer to this bill, which being overruled, they enter their appeal to this court. The general ground for reversal assigned is the overruling the demurrer.

*A. W. Cockrell* for Appellants.

The equity of the bill was assailed by the demurrer, and the action of the court overruling the demurrer is here the basis of the petition of appeal.

Brief. The court should have sustained the demurrer:

1. It is the settled rule in equity, if a person wants relief, touching the personal assets of his debtor, he must show he has taken out *execution at law*. Brenkerhoff vs. Brown, 4 Johns. Chy., 676.

2. Persons intermeddling with a decedent's estate are liable to the executor or administrator, only. Scriven vs. Bostwick, 2 McCord's Chy., 410; s. c., 16 Amer. Decis., 664.

3. As all the creditors of H. B. McCallum are equally interested in his estate, no decree can be rendered in this cause without drawing the whole estate, and its administration into this chancery case. Thompson vs. Brown, 4 Johns. Chy., 639 ; Scott vs. Wolf, 64 Ala., 182.

4. If the estate is to be administered, the executor *de son tort* being before the court will not dispense with the presence of the regular representative ; the executor *de son tort* is only treated as executor for the purpose of being charged, not for any other purpose. Williams on Executors, pages 1727, 2016, 2128, and the cases therein cited ; Garner *et al.* vs. Gant, 19 Ala., 668.

The conclusive answer to the bill is, that the title to the assets sought to be appropriated to the payment of the note, not being before the court in the person of the rightful representive, he could not be bound by the decree which the

court might make touching the assets of the decedent. Upon his appointment, he is clothed, by the action of the only court constitutionally competent to grant letters, with the title to all the assets which were of the decedent *at the time of his death*, and hence he could recover the assets notwithstanding the disposition sought to be made of them by the Chancery Court prior to his appointment.

There is no such thing as an executor "*de son tort*" under our system. 17 Arkansas, 122, 129; 11 Kansas, 214; 50 Cal., 388.

As to whether an executor *de son tort* may be sued at law, and not in equity, see Campbell vs. Shelton, 13 Pick., 8, 22, 24.

*H. H. Buckman* for Appellees.

George F. Drew *et als.*, complainants in the lower court, file their bill as sureties of one McCallum, deceased, on a promissory note, against Walker & Walker *et als.*, to establish their claim to relief, obtain an account and discovery of assets and a payment of the debt for which they are sureties, and thus release them from liability on the same.

A surety may come into equity to compel the principal to pay the debt and relieve him of his liability. 12 Fla., 329; 1 Story's Eq. Jur., §§327, 639, and note 2.

Even though the debt has not been paid by him, or suit commenced against him by the creditor, sureties, right to relief arises upon default of the principal to pay at the time of maturity of the debt. 1 Vol. Amer. Decis., 48 page, and page 630; 1 Root, Conn., 291; 12 Fla. Rep., 329.

The debt for which appellees are sureties was a debt of deceased principal and due by him.

All *debts due* by *testator* are *debts due by executor*, and the executor is liable in his representative capacity to all *equitable* demands which existed against deceased at time of his

death.　5th Ed., (American,) Wms. on Executors, 2 Vol., 1557, 1559, 1319.

Sureties are creditors in equity, their right to relief arising upon default of principal to pay, their *only* remedy is in this court to compel payment of the debt.　16 Fla., 519 to 529, &c.; 12 Fla., 329; 4 Des., 45, 227.

An executor *dé son tort* is one who is without proper authority of decedent, or Ordinary, doth such acts as belong to the office of executor or administrator, *such* as having assets in his hands at time of suit against him, paying debts of deceased out of assets, receiving debts due him, demanding debts due and the like—very slight circumstances necessary.　3 Bacon, 21, 22; 2 T. Rep., 97; Williams Ex., 5 Amer. Ed., 1 Vol., 224, 225; Ibid, 227, 232 and note U.

When one has so acted as to become in law such executor, he renders himself liable to actions, not only by the rightful executor or administrator, but also to be sued by creditors, legatees, &c., of deceased.

He has all the liabilities and none of the privileges of rightful executor.　1 Wms. Ex., 231; Blackstone Com., (Chase,) 605; 2 T. Rep., 97 and 597; 3 T. Rep., 581.

In actions by a creditor against him he shall be named executor generally, and the same judgment may be obtained against him as against other executors; that debts and costs be paid out of assets of estate in his hands.　3 Bacon, 25; 1 Mod., 208; Blkst., by Chase, 605; 2 Mod., 51; 2 Blkst., 507, 508; Wms. Ex., 231, 232 and note 3, 233 and note 3.

All lawful acts he doeth are good, and he is allowed in equity all payments as were incumbent on rightful executor to make.　Wms. Ex., 1st, 232–3; 3 Bacon 25 and 26.

Such executor liable only for assets if he show correct ad-

ministration, but least irregularity will charge him personally.   3 Bacon, 25.

Whether he be such executor or not is question of law. 3 T. Rep., 99.

He is so named to distinguish him from others, there being several kinds.   He is nevertheless *executor* and the *law* casts upon him those duties and liabilities that others derive from the will or letters because of his own acts.

When the contract is that the *principal* shall pay a certain debt at a time specified, the surety can have an action when the *principal defaults* even *before* he is called upon to pay as surety.   Perry vs. Foy, 8 B. and C., 11 ; Mease vs. Mease, Cowp., 47 ; Evelyn vs. Evelyn, 2 P. Williams, 659 ; Loosemore vs. Redford, 9 M. and W., 657 ; Russell vs. La-Rouge, 11 Ala., 352 ; Post vs. Jackson, 17 Johns., 239 ; Wright vs. Wright, 4 Barb., 235 ; 1 Ohio, 534 ; Stump vs. Rogers ; Washington vs. Jait, 3 Hump., 534 ; Bishop vs. Day, 13 Vt., 81 ; Ramsey vs. Gervas, 2 Bay., 145.

Above cases referred to in note 1 American Decisions, page 48, and the same volume, page 635.

Demurrer

To first ground. Statute does not prohibit suit before six months.   McClellan's Digest, p. 84, §28.

To second. Sureties are entitled to sue in equity to obtain relief though they have not paid the debt.   12 Fla., 329.

To third. Bill does *allege*.   Company was *not* a partnership.   Not a legally organized corporation, or if so, was dissolved and why.   Shows indebtedness.

To fourth. Bill does not seek administration of estate. But only an establishment of their claim, discovery and protection of assets and payment of debt.   Bill makes executors *de son tort* parties who are sufficient representatives. Demurrer admits their possession of assets.   Demurrer

should show who representative is, if they are not. Story's E. Pld., 238, §543 ; Dan'l Chan., 288, 555, note 1.

To fifth. All parties in possession of assets. Debtors of estate and all liable to account thereto proper defendants where found. Waste insolvency. Want of responsibility and misappropriation of assets shown. S. Eq. Pld., secs. 178, 224, 227, 229, 232, and note; 1 Dan'l Chy., 323, 324, and note; Story's Eq. Jur., sec. 423; William E., 1832, 1833 1831, and note A. Improper joinder can only be taken advantage of by improperly joined parties. Story's Eq. Pld., 237, and note 4, 544.

To sixth. Sureties entitled to all equitable liens on property of principal. 12 Fla., 324. Bill shows money was used in business and helped produce or save assets. Debt is admitted. As debt against deceased it survives as debt against estate. Not necessary to enforce claims against estate that lien by judgment or otherwise be shown. 4 Fla., 77, 78.

To seventh. Bill makes those who have possession of assets defendants, charges acts showing them executors. Law fastens upon them liabilities for their voluntary acts. They are protected in equity in all lawful acts, even if not, cannot have relief to creditors' prejudice. Story's Eq. Pld., 179 ; 3 Bacon, 26.

To eighth. They are sufficient representatives of estate and protected in all lawful acts. Decree or judgment against executor *de son tort* is that plaintiff recover debt and costs out of assets of estate. 1 Wms. Ex., 231, 332 ; 3 Bacon, 25, note 3.

To ninth. Husband cannot be made plaintiff as relief asked against him, and if not he is the only person who can complain. S. E. Pld., 237, and note 4.

Executors in equity are considered trustees, and assets trust fund and equity will compel account of them and pro-

tect them, as of any other trust fund. Executor *de son tort* considered trustee in equity. 1 Des. Eq. Rpts., 214; Williams' Ex., 1819, 1820; Story's Eq. Jus., 541, 579.

Court will appoint receiver where executor insolvent misappropriates assets, waste, misconduct, &c., shown. Wms. Eq., 205, and note; 1844, and note 1; 1 Sty. E. Jus., secs. 541, 828, 836.

If plaintiff entitled to relief, though not to discovery, demurrer bad. S. Eq. Pld., 548.

If title to relief shown, discovery compelled. S. Eq. Pld., 551.

Even if demurrer good to relief, it is not a bar to discovery, and bill will be maintained. S. Eq. Pld., 441, 312, 546.

We ask that our claim be established and a discovery of assets had, and the same protected and saved, and decree of payment of the debt out of same, or at least that our claim be established, and for a discovery and protection of the assets for the payment of said debt in course of administration, and pray that decree of lower court be affirmed, and for such other relief as this court deem meet.

Bill shows the possession of assets and appropriation of same, and no authority for holding them, no account or statement of assets filed or shown by them. Bill shows our claim against those assets, and we submit the creditors' right to call them to account and ask the interposition of equity to protect the fund.

Acts which destroy the end for which a corporation was created are a surrender of its corporate rights and powers and a dissolution of same. Field on Corporation, 556, 494, note; Am. Dcs., 10 Vol., 273; 20 Vol., 122, 119; 26 Vol., 111; 33 Vol., 660; 2 Kent, 311, 312; U. S. Dgst., 1st Series, Vol. 8, 726, §2072.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

An analysis of this case presents a bill by sureties of a deceased intestate against three parties alleged to be inter-meddling with his estate, and with having custody of the assets thereof without lawful authority, these three persons being John T. Walker, George U. Walker and Elizabeth H. McCallum, the widow of the deceased, the allegation against Mrs. McCallum being that she is improperly in possession of or controlling an asset of the estate, a debt to the estate by Charles H. Jones, and a creditor of the deceased alleged to have received payment of his claim when not entitled to any priority as against plaintiffs.

No relief is prayed against this satisfied creditor, and we do not see how there could be as the payment of his debt was precisely the thing which plaintiff himself seeks here, he being no more than a simple creditor.

There are sufficient assets remaining to pay the sureties' debt "if a proper and judicious management or administration of the assets of said estate be had and immediate steps are taken for the benefit thereof."

Giving the surety here the standing of a creditor of the deceased intestate, principal, and we think he certainly has a provable claim against the estate, the debt of the principal being due and unpaid; what are the equities attached to that relation as applicable to the subject matter of this suit? Where is the equity of the creditor here to have a receiver appointed to administer this estate? Whatever may be the liability of a person, who, without lawful authority, either as executor or administrator, converts or collects assets of the estate to the legal administrator or personal representative, or to a creditor, this wrongful executor has no authority to collect the debts. He is not enti-

tled to an action, has no right to reduce assets and his own liability is substantially founded upon tort.

Again, the creditor of an intestate estate has no direct action against its debtors to appropriate the debt to the satisfaction of his claim. If he attempts this he becomes himself *pro tanto* an executor *de son tort*, if there be such a thing as an executor *de son tort* in Florida. Besides he can be entitled to no particular priority against any debt under our statute. He has no lien if he gets a judgment, not being one of the claims to which the statute gives priority. It follows, therefore, that neither an executor *de son tort*, if there be such a relation in Florida, nor a creditor, nor each combined have an equity to sue for and recover the debts due an intestate estate or to control the debts of such estate. If this be so, and that it is so we have no doubt, where is their equity to have a receiver to do these acts? We are entirely satisfied that a creditor cannot maintain such a bill as this. What kind of a bill he can maintain, and what are his rights against an intermeddler for assets in his hands or illegal administration or appropriation of those collected by him, is a question which does not arise here.

The order overruling the demurrer is reversed and the case will be remanded with directions to allow the demurrer and dismiss the bill without prejudice to any other proceeding in equity or at law which plaintiffs may institute, or for any relief different from that sought to be had in this case.