J. F. McKINNON, as Superintendent of Public Instruction of Orange County, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *ex, rel.* W. S. COLEMAN, *Defendant in Error.*

Opinion Filed Aug. 9, 1916.

1. A County Superintendent has a discretion as to his endorsement of school teachers' certificates issued in another county.

2. Assuming that a County Superintendent's refusal to endorse a teacher's certificate is subject to judicial review, there is nothing here to show caprice or arbitrariness.

Writ of Error to Circuit Court, Orange County; Jas. W. Perkins, Judge.

Judgment reversed.

*John C. Jones, T. F. West,* Attorney General, and *Glenn Terrell,* Assistant, for Plaintiff in Error;

*Davis* & *Giles,* for Defendant in Error.

PER CURIAM.—A peremptory writ of mandamus issued compelling the County Superintendent of Orange County to endorse a first grade teacher's certificate, issued to W. S. Coleman in Hillsborough County, and the superintendent takes writ of error.

General Statutes of 1906, Section 372, reads: "A first, second and third grade certificate may be endorsed by the county superintendent of any county in the State, and shall then be valid for its unexpired term in the county in which it is endorsed."

The relator insists, first, that this statute leaves nothing to the discretion of the county superintendent, and, secondly, that if there be discretion, it was arbitrarily and capriciously exercised in the present case.

The quoted section of the school law clearly places a discretion in this officer. By the most cursory reading of laws governing the issuance of certificates, the Legislature has manifested its intent that in certain cases there

should be discretion, and in others none. Sections 365, 366 and 367 make the issuance of third, second and first grade certificates to eligible applicants mandatory upon allowing the requisite averages upon the examinations, whereas Sections 368, 369, 370 and 371 confer a discretion in the State Superintendent in granting primary, special, State and life certificates.

While uniform examination questions are sent throughout the State, yet the grading of the answers and the conduct of the examinations are left to the county authorities, and the certificate is valid only in the county where issued, unless endorsed by the county superintendent in which it is to be used. We find no room for construing "may" to mean "shall" as was done in Weston v. Jones, 41 Fla. 188, 25 South. Rep. 888, and Mitchell v. Duncan, 7 Fla. 13.

Assuming that this discretion is not arbitrary or capricious, but quasi judicial, we find nothing here to indicate it was not fairly used. It is true that some personal feeling may appear in the evidence, yet the county superintendent was within his rights in carrying out the declared policy of the State Superintendent, who vigorously opposed residents of one county going into another county for the purpose of taking the examinations.

The testimony does not show that the superintendent acted arbitrarily in endorsing other certificates and refusing to endorse this one. In nearly all the instances testified about, the candidate for endorsement had acquired the certificate in her home county, or there was an overpowering necessity from financial causes for the exceptional case.

We think the county superintendent acted within his authority in refusing to endorse the certificate, and the judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHIT-
FIELD and ELLIS, JJ., concur.