W. B. CRAWFORD, as Mayor, et al., *Plaintiffs in Error*, v. THE STATE OF FLORIDA, ex rel., A. M. KLEMM & SON, a Florida Corporation, *Defendant in Error.*

149 So. 340.
Opinion filed May 23, 1933.
Re-hearing denied July 13, 1933.

*M. R. McDonald*, for Plaintiff in Error;

*Touchton & Crittenden*, for Defendant in Error.

. PER CURIAM.—Improvement bonds were issued by the City of Sebring pursuant to Chapter 9298, Acts of 1923, which constituted a general authority to all the cities and towns of this State to issue special assessment bonds for municipal improvements of the character therein specified. The Act has been held to be constitutional. Klemm v. Davenport, 100 Fla. 627, 129 Sou. Rep. 904, text 910.

The bonds as issued recited that all acts, conditions and things required to be done, precedent to and in the issuance of said bonds by the laws and constitution of the State and by the ordinances of said town had been done and had happened in due time, form and manner; that special assessments against the property specially benefitted by the improvement equal in value to the bond, had been set aside as a trust fund for the payment of the principal and interest of the bond, and that in addition thereto, provision had been made for the levy and collection of a direct tax upon all the taxable property within said town sufficient to pay the principal and interest of this bond as the same should become due and payable, should any of said special assessments for any reason prove insufficient for the payment of the principal and interest; that the total indebtedness of said town, including said bond, did not exceed any constitutional or statutory limitation.

Chapter 14371, Acts of 1929, the present charter of Sebring has been held constitutional by this Court in State *ex rel.* Landis v. Crawford, 104 Fla. 440, 140 Sou. Rep. 333.

A lack of power on the part of a municipal corporation to issue bonds cannot, of course, be secured or supplied by any recital in the bonds and hence no recital can estop the municipality to deny its power to issue the bonds, if the laws were such that there could have been no state of facts or of conditions under which the municipality would have had the authority to emit the bonds here sued on, but where the power to issue municipal bonds exists, as it did in this case by virtue of Chapter 9298, Acts of 1923, a *bona fide* purchaser of such bonds in the open market, or a *bona fide* holder who acquired them from such purchaser, is entitled to rely on the recitals set forth in the bonds to the effect that all antecedent steps necesary to validate the securities had been taken, and that all requirements of law necessary

to authorize the issuance of bonds had been fully complied with, and such recitals in the affirmative now preclude all inquiry, as against relators, who are shown to be innocent purchasers for value, as to whether or not all conditions' precedent had actually been performed that were necessary and essential to exist, or be performed, by the municipal authorities in order to warrant the issuance of such bonds.

A short summarization of the rule as to recitals in public securities is that if the bonds could have been legally issued by the municipality obligor under any circumstances, the recitals thereof are binding and must be given effect. This rule has been held to apply to a case where bonds in aid of the construction of a canal for irrigation and water power were authorized to be lawfully issued and it was held that a purchaser of such bonds in the open market for value without notice was entitled to assume that the bonds he acquired had been so issued, and was under no obligation to institute any inquiries with a view to finding out whether or not the municipality had not in fact abused its powers, or whether, under the guise of aiding in the lawfully authorized construction of a canal for irrigation and incidental water power purposes, it had not in reality unlawfully loaned its credit in aid of an enterprise of purely private character. City of Kearney v. Woodruff, 53 C. C. A. 117, 115 Fed. Rep. 90. See also Municipal Trust Co. v. Johnson City, 53 C. C. A. 178, 116 Fed. Rep. 458; City of Evansville v. Dennett, 161 U. S. 434, 16 Sup. Ct. Rep. 613; 40 L. Ed. 760; Waite v. City of Santa Cruz, 184 U. S. 302, 22 Sup. Ct. Rep. 327; 46 L. Ed. 552; Hamilton County v. Montpelier Savings Bank & Trust Co., 84 C. C. A. 523, 157 Fed. Rep. 19. Compare: Marcy v. Oswego Township, 92 U. S. 637, 23 L. Ed. 784; Dixon County v. Field, 111 U. S. 83, 4 Sup. Ct. Rep. 315, 28 L. Ed. 360.

Laying aside some other considerations which appear to

negative the claim of plaintiffs in error as to the invalidity of the bonds sought to be enforced by mandamus in this case, the recitals in the bonds themselves are sufficient to preclude a defense by the city officials to the effect that the annexation ordinance referred to in the pleadings was invalid and therefore the bonds are also invalid on the ground that part of the streets to be improved would, because of the alleged invalidity of the annexation ordinance, have been and were outside the city limits when the bonds were issued.

The invalidity of an annexation ordinance if it has not been validated, may affect the liability for city taxes of inhabitants of the affected area, but has no material bearing on the authority of the admittedly validly created municipal corporation of Sebring to issue its bonds in compliance with Chapter 9298, Acts of 1923.

There is no error. The judgment is affirmed.

DAVIS, C. J. and WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., dissent: