State, *ex rel.* Havana State Bank v. John B. Rodes, Chairman, *et al.,* constituting the Board of County Commissioners of Brevard County, Florida, *et al.*

151 So. 289.
155 So. 852.

Opinions Filed November 23, 1933, and June 20, 1934.

260

*Gregory & Towles,* for Relator;
*Noah E. Butt,* for Respondents.

PER CURIAM.—Respondents, County Commissioners, Tax Assessor and Clerk of the Circuit Court of Brevard County, have made return to the alternative writ of mandamus issued herein setting up certain defensive grounds to justify their refusal to revise their budget and perform the acts necessary to have a tax levied for the payment of the principal and interest of certain bonds issued under the name and seal of the Board of County Commissioners of Brevard County on behalf of Special Road and Bridge District No. 3 of said county. Relator has demurred to the return. Such demurrer is now before this Court for a ruling thereon.

The bonds in question alleged to be held by relator, are negotiable instruments under the laws of Florida, and are presumed to be in the hands of relator as a holder thereof in due course. Section 6818, C. G. L., 4732 R. G. S. No allegation contained in the return avers anything to the contrary.

Each of the bonds sued on contains a recital to the effect that said bonds were duly issued pursuant to and in full compliance with Chapter 6208, Acts of 1911, Laws of Florida, by Special Road and Bridge District No. 3 in Brevard County for the purpose of raising funds to complete certain roads in said special road and bridge district. Each bond likewise recites and certifies that all acts, conditions and things required by the laws of Florida, and by Chapter 6208, Acts of 1911, as amended, existed, happened and were performed in due time, form and manner as required by law; that the bonds had been validated by judicial proceedings as provided for by law and that the bonds had been authorized pursuant to a favorable vote of more than a majority of the qualified voters of the issuing district voting at an election duly called and held as required by law for that purpose. All these recitals were made pursuant to resolutions adopted by the Board of County Commissioners of Brevard County, are attested by the signature of the chairman of the board of county commissioners, and the official county seal is shown to have been thereto attached in evidence of the authenticity of the bonds issued.

It is not alleged nor contended by the respondent that, *at the time the bonds were issued and put into circulation* as negotiable instruments, that the legislative Act under which the issues of the bonds here involved were floated, was or is unconstitutional or otherwise invalid. That proposition being true this case falls within what was said in the late

case of Crawford v. State, *ex rel*. A. M. Klemm & Son, 110 Fla. 301, 149 Sou. Rep. 340, recently decided by this Court, wherein this court held that where statutory power to issue bonds of the character issued, existed, that *bona fide* holders were entitled to rely on recitals contained in the bonds to the effect that antecedent steps had been duly taken, and compliance with legal requirements had so as to make the bonds enforceable against the issuing authority which would be estopped by the recitals from setting up any defense inconsistent with the recitals the bonds contained when issued.

The doctrine of legal estoppel by recitals in negotiable public securities is that where certain officers have authority to issue bonds on the performance of certain conditions named in a valid statute, and the power is vested in them to determine whether the conditions have been complied with, and they do so determine and recite, their decision that the conditions have been complied with is final and conclusive on the issuing authority, although it may be true in point of fact that the conditions have not been complied with. Knox County v. Aspinwall, 21 Howard (U. S.) 539, 16 L. Ed. 208; Bronson on Recitals, page 41; Board of Commrs. of Gunnison County, Colorado, v. E. H. Rollins & Sons, 173 U. S. 255, 19 Sup. Ct. Rep. 390, 43 L. Ed. 689; Waite v. City of Santa Cruz, 184 U. S. 302, 22 Sup. Ct. Rep. 327, 46 L. Ed. 552; City of Evansville v. Dennett, 161 U. S. 434, 16 Sup. Ct. Rep. 613, 40 L. Ed. 760. Trifling errors in recitals, if they exist, have no effect on the validity of bonds if lawful authority to issue such bonds had been conferred on the issuing authority although it was incorrectly recited or described. Atchison Board of Education v. De Kay, 148 U. S. 591, 13 Sup. Ct. Rep. 706, 37 L. Ed. 573; Anderson County Commrs. v. Beal, 113 U. S. 227,

5 Sup. Ct. Rep. 433, 28 L. Ed. 966; Johnson County v. January, 94 U. S. 202, 24 L. Ed. 110; Knox County v. Ninth National Bank, 147 U. S. 91, 13 Sup. Ct. Rep. 267, 37 L. Ed. 93. See also: County of Jefferson v. B. C. Lewis & Sons, 20 Fla. 980.

Behind a recital of acts and proceedings inmorting validity of negotiable county, district or municipal bonds, a *bona fide* holder for value is not bound to look, except for legislative authority. Commrs. of Douglas County v. Bolles, 94 U. S. 104, 24 L. Ed. 46; Chaffee County Commrs. v. Potter, 142 U. S. 355, 12 Sup Ct. Rep. 216, 35 L. Ed. 1040. And so it is that the corporate existence of the issuing authority cannot be attacked if at the time of the issuance of the securities, it had a *de facto* existence and acted as an authorized legal entity, whether it actually was or not. Shapleigh v. City of San Angelo, 167 U. S. 646, 17 Sup. Ct. Rep. 957, 42 L. Ed. 310; Comanche County v. Lewis, 133 U. S. 198, 10 Sup. Ct. Rep. 286, 33 L. Ed. 604; Andes v. Ely, 158 U. S. 312, 15 Sup. Ct. Rep. 996; Speer v. Board of County Commrs. of Kearney County (Kan), 88 Fed. (C. C. A.) 749; Ashley v. Board of Supervisors of Presque Isle County, 60 Fed. (C. C. A.) 55; Gelpcke v. Dubuque, 1 Wall (U. S.) 175, 17 L. Ed. 566.

The bonds when issued are not shown to have been void because issued for an exclusively State purpose such as the alleged building of an exclusively State highway. The point has been settled against respondents by Lewis v. Leon County, 91 Fla. 118, 107 Sou. Rep. 146.

The return is entirely in confession of the issuance of the bonds in the form alleged in the alternative writ, and the attempted avoidance of the legal effect of the recitals contained in such bonds being found insufficient as a matter of law, the return must be held bad and the relator's de-

murrer thereto sustained, and it is so ordered. State, *ex rel.* Knott v. Haskell, 72 Fla. 224, 72 Sou. Rep. 651.

Demurrer to respondents' return sustained with leave to file amended or further return within fifteen days.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating.

Opinion Filed June 20, 1934.

DAVIS, C. J.—Relator is the holder of six $1,000.00 bonds and attached coupons, all of which are shown to be past due and unpaid as to both principal and interest. He has brought mandamus against the respondents who are the representative officials of Brevard County, Florida, and successors in duty to the obligor on the bonds,—Special Road and Bridge District No. 3. By an opinion filed herein on November 23, 1933, the relator's demurrer to respondents' return was sustained with leave to amend. See the foregoing opinion, 151 Sou. Rep. 289. The amendment was duly made. Thereafter relator moved for a peremptory writ, the amended return notwithstanding. In addition to an amended return, respondents have filed a motion to quash the alternative writ. The case is now before this Court for final disposition on the motion for a peremptory writ, which if granted, ends the controversy.

The alternative writ shows, and it is not controverted by the amended answer, that relator's bonds have fully matured as to principal and that the matured principal together with one series of interest coupons thereon are wholly unpaid. It is further shown that respondents have in the past neglected their duty to provide for payment of such bonds as required by Chapter 6208, Acts of 1911, as amended. So the result of such neglect is that no sinking fund has

been provided for, nor accrued interest paid. A performance at this time of the duty that has hitherto been abandoned by respondents is all that relator seeks to compel, in order that he may realize payment of his obligations through the levy of a sufficient special tax to raise a fund to make payment possible and capable of realization.

On December 11, 1933, after the present suit was begun, this Court decided the case of State, *ex rel.* Supreme Forest Woodmen Circle v. Snow, 113 Fla. 241, 151 Sou. Rep. 393, wherein it was held that a peremptory writ of mandamus would issue to require the levying of a special tax to pay bonds in cases where the duty to levy taxes in previous years had been neglected. On the authority of that decision a peremptory writ should be ordered in the present case, it appearing to the Court that the motion to quash the alternative writ is not well taken.

Peremptory writ of mandamus ordered.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating.

ON MOTION TO MODIFY JUDGMENT IN MANDAMUS.

PER CURIAM.—It having been made to appear to this Court by the special suggestion of respondents that the requirement of the alternative writ in this case is the levy of taxes pursuant to an amended budget for the fiscal year 1933, which year has long since expired, and that the issuance of a peremptory writ in accordance with the alternative writ, as now framed, would result in needless confusion and disorder in the taxing processes of Brevard County, it is, upon consideration of the premises, considered, ordered and adjudged that the award of a peremptory writ of mandamus, pursuant to relator's motion in this cause, shall be and the same is hereby conditioned upon the making

by the relator of an appropriate amendment to the alternative writ to the effect that the matters and things required to be done and performed by respondents shall apply to the 1934 budget instead of the 1933 budget. See State, *ex rel.* Ben Hur Life Assn. v. Binney, 113 Fla. 250, 151 Sou. 420; State, *ex rel.* Klemm v. Baskin, 111 Fla. 667, 150 Sou. 517.

So ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.