CITY OF AUBURNDALE, *et al.*, v. STATE, *ex rel.* SARA SUMMERLIN, *et al.*

155 So. 97.

Opinion Filed April 3, 1934.

Petition for Rehearing Denied June 15, 1934.

*L. A. Long* and *Peterson, Carver & Langston,* for Plaintiffs in Error;

*A. Summerlin,* for Defendants in Error.

BUFORD, J.—The writ of error is from a judgment in mandamus proceedings against the plaintiff in error requir-

ing the proper municipal officers to assess, levy and collect tax sufficient to pay certain bonds held by relator which were in default and to pay over the fund so raised to the relator for the redemption of such bonds during the fiscal year next succeeding the issuance of the writ.

The alternative writ was issued July 12, 1932. The peremptory writ was issued September 19, 1932.

Motion was interposed to quash an amended alternative writ which was properly denied, as the allegations of the alternative writ were sufficient to warrant the relief prayed.

An answer was filed admitting the bonds were issued by the proper authorities of the municipality. The answer does not deny that the bonds recited that they were issued "under the authority of and in full compliance with Chapter 9298, Laws of the State of Florida, Acts of 1923, and pursuant to the resolution duly passed by the town or city council of said city," and that "all acts, conditions and things required to be done precedent to and in issuance of said bonds by the laws and Constitution of said State and the ordinances of said town have been done and have happened in due time, form and manner," as is alleged in the alternative writ, but does deny that the provisions of Chapter 9298 were complied with. The answer specifically alleges certain material matters in which that legislative Act was not complied with.

Motion to strike the answer was granted and peremptory writ was issued. There was no error in striking the answer as it presented no defense which could be interposed by these respondents. See Little River Bank & Trust Co. v. Johnson, et al., 105 Fla. 332, 141 Sou. 145; Jefferson County v. Lewis, 20 Fla. 908. In the latter case this Court held:

"Non-compliance with one of the conditions was clearly shown in that case, as the notices of the election as required

by law had not been given in any form, but the decision was that the question as to the sufficiency of the notice and the ascertainment of the fact whether the majority of the votes had been cast in favor of the subscription was necessarily left to the inquiry and judgment of the county board, as no other tribunal was provided for the purpose, and the court held that after the authority had been executed, the bonds issued, and they had passed into the hands of innocent holders, it was too late, even in a direct proceeding, to call the power in question, and that it was beyond all doubt too late to call the power in question to the prejudice of a *bona fide* holder of the bonds in a collateral way, which is attempted to be done in the case before the court.' "

"See also on this subject Lynde v. The County, 16 Wall. 613, where the Court says: 'The County Judge is the officer designated by the statute to decide whether the voters have given the required sanction. He executed and issued the bonds, and the requisite popular sanction is set forth on their face. It is a settled rule of law that where a particular functionary is clothed with the duty of deciding such a question, his decision, in the absence of fraud or collusion, is final. It is not open for examination, and neither party can go behind it.' "

"And in Supervisors v. Schenck, 5 Wall. 772, 784, it is said: 'When a corporation has power, under any circumstances, to issue negotiable securities, the decision of this Court is that the *bona fide* holder has a right to presume they were issued under the circumstances which give the requisite authority, and they are no more liable to be impeached for any infirmity in the hands of such a holder than any other commercial paper.' Similar language is used in Gelpcke v. Dubuque, 1 Wall. 203; Town of Caloma v. Eaves, 2 Otto. 484, 490."

The pleadings filed in this case did not attempt to present the issue which has been presented here, which is that Chapter 10301, Special Acts of Legislature of 1925, which was Charter Act of the City of Auburndale, Florida, specifically provided:

"The City of Auburndale is hereby created and established and shall embrace all that territory in Polk County, Florida, described as follows, to-wit: (here is described the city limits) * * * provided, however, that no taxes shall be levied on any of the taxable property in the following described portion of the territorial boundaries or limits of the City of Auburndale, to-wit: (here is described certain territory included in the City of Auburndale, Florida) * * * for the payment of any part of the interest or principal of the bonded indebtedness of the Town of Auburndale."

It is elementary that every case should be tried on the pleadings. See Hartford Fire Insurance Co. v. Hollins, 58 Fla. 268, 50 Sou. 985; Mizell Live Stock Co. v. McCaskill, 59 Fla. 322, 51 Sou. 547; Caldwell v. Peoples Bank, 73 Fla. 1166, 75 Sou. 848.

Property owners not parties to this suit are, of course, not bound by the judgment in this case and if, under the direction of the peremptory writ, taxes should be levied on property which property is not under the law subject to taxation for purposes here contemplated, the property owner may have his day in court for the orderly adjudication of that issue.

We do not hold that that issue could not have been presented in this case, but it was not presented and, therefore, is not before us for adjudication.

The judgment should be affirmed, and it is so ordered.

Affirmed.

Davis, C. J., and Whitfield, Ellis and Terrell, J. J., concur.