## HARRIS et al. v. CITY OF HIALEAH.

### No. 2102.

District Court, S. D. Florida.

March 18, 1935.

Herbert S. Sawyer, W. O. Mehrtens, and Evans, Mershon & Sawyer, all of Miami, Fla., for plaintiffs.

R. P. Terry, of Miami, Fla., for defendant.

RITTER, District Judge.

The plaintiffs sue upon general improvement bonds issued by the defendant on the 1st day of September, 1926, which are in default, principal and interest.

These bonds were validated by decree of the circuit court of the Eleventh judicial circuit of Florida, in and for Dade county, on the 13th day of December, 1926.

The defendant has filed certain pleas to which the plaintiffs have demurred. These pleas assert: First, the invalidity of the bonds because they were issued without an election being held, as provided by sections 3009 and 3010 of Compiled General Laws of Florida; second, the invalidity of the validating decree of the said circuit court because no notice to taxpayers was given, as required by law in such proceedings; third, that the session of the city council of the defendant city at which the said ordinance providing for the issuance of the bonds was passed was not open and public as required by law, and no notice was given that any such ordinance was proposed for consideration; fourth, there was no legal publication of Ordinance No. 50, of the defendant city, which is an ordinance purporting to authorize the issuance of the bonds in question; fifth, that no no-

tice of the sale of bonds was given and no bids were ever received except one Pierce, who did not pay the minimum price fixed by the ordinance.

■ The first and determining question in the case is whether there was any power lodged in the defendant city to issue these bonds. If there is a total lack of power in the organic law to issue these bonds, they are void, no matter what recitals may be contained in the bond. Thomas v. City of Richmond, 12 Wall. 349, 20 L. Ed. 453; Katzenberger v. Aberdeen, 121 U. S. 172, 7 S. Ct. 947, 30 L. Ed. 911; Geer v. School District No. 11 (C. C. A.) 111 F. 682; Litchfield v. Ballou, 114 U. S. 190, 5 S. Ct. 820, 29 L. Ed. 132; State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298; Crawford v. State ex rel. Klemm & Son, 110 Fla. 301, 149 So. 340; Barrow v. Moffett, 95 Fla. 111, 116 So. 71.

Defendants assert that sections 3009 and 3010 of Compiled General Laws of Florida, which require the approval of two-thirds of the registered voters of the city before such bonds as are here in question can be issued, deprive the defendant city of all power in the premises. It is conceded that no election was ever held. The city of Hialeah evidently attempted to organize itself under the general municipal laws of Florida, but now exists under a special charter enacted by the Legislature of the state (Acts Fla. 1925, Ex. Sess., c. 11516), approved November 25, 1925. This charter is very comprehensive, setting out in detail the powers and the method of exercising such powers by the defendant city. Among the powers delegated are those in section 46, as follows: "Within one year after this Act takes effect, the City Council is hereby authorized to provide by ordinance for the issuance of bonds in an amount not to exceed One Million Dollars," etc.

Section 47 provides: "The City Council is hereby authorized to provide by ordinance for the issuance of bonds for any municipal purpose except for maintenance and repairs in an amount not exceeding twelve and one-half per cent. of the fair market value," etc.

The provisions of the aforesaid general law, section 3009, providing: "The city or town council shall have power, with the approval of two-thirds of the registered voters of the city having the qualifications specified in the preceding section, * * *

to issue bonds," and section 3010, is similar.

The Constitution of Florida, section 24, article 3, under the head of "Legislative Department," provides: "The Legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the Legislature that may be inconsistent therewith."

Also section 8 of article 8: "The Legislature shall have power to establish, and to abolish, municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time."

Pursuant to this legislative power, the general incorporation laws, of which the aforesaid sections 3009 and 3010 are parts, were enacted long prior to the incorporation of the defendant city and of course were in existence at the time of its incorporation in November, 1925.

■ The decisions of the state of Florida, in cases arising under a conflict between a general and special incorporation, are all based upon the existence of the fact, as prescribed in the Constitution, of inconsistency between the two. Where there is no inconsistency, and both the general and local laws can be put into operation, and there is no clear intent to repeal the general law through the local law by express or inferential provisions, both must be complied with in the issuance of bonds. Munn v. Finger, 66 Fla. 572, 64 So. 271, 51 L. R. A. (N. S.) 631; Sanders v. Howell, 73 Fla. 563, 74 So. 802; State v. Sanders, 79 Fla. 835, 85 So. 333.

Where there is an inconsistency or an evident intent in the local law to make the general law inapplicable, the local or special law supersedes the general law. State v. Burr, 79 Fla. 290, 84 So. 61; City of St. Petersburg v. Pinellas County P. Co., 87 Fla. 315, 100 So. 509.

■ Defendant's charter specifically declares, in sections 46 and 47, that the only prerequisite for the issuing of the bonds is an ordinance of the city council. Provisions are made with respect to what the bonds shall contain and the sale thereof. No election of the freeholders is required. A comparison of the charter of the defendant with the general law shows a great many differences of power delegation and procedure. I cannot escape the conclusion that the intention of the Legislature was

to give the defendant city a complete charter in itself, independent of the general law.

To say that bonds may be issued as provided by ordinance without requiring any election on said ordinance is certainly the delegation of complete power without restriction, and we must construe the language in its general meaning and must uphold the law if by any reasonable construction it can be held to be valid and exclusive.

Counsel for the municipality cite many cases which I have carefully examined, which assert principally that, where no machinery is provided in the charter for the issuance of bonds and the general municipal incorporation act does provide for the same, the latter must be construed as a part of the charter in reference thereto, but the cases also hold that, where there is a prescribed procedure in the special act which reasonably provides the method of procedure, the general law is inapplicable.

The federal courts as well as the state courts, and particularly the state of Florida, has laid down the rule that, if by any fair and reasonable construction prior and later statutes can be reconciled, both shall stand and that repeal by implication is not favored. If it could, by fair construction, be held that the Legislature in granting the special charter to Hialeah had no intent to free it from the procedure prescribed by the general act, I must hold that the general act applies, but I think it clearly appears in the special charter that the defendant city is freed from the general law in respect to the matters involved here, and that it can follow the provisions of its special charter without reference to the general law and that an election is not necessary.

There is an inconsistency existing, therefore, between the general provisions of the charter and the sections of the general law invoked by the defendant, and that inconsistency must be resolved in favor of the defendant city.

The case of the City of St. Petersburg v. Pinellas County P. Co., 87 Fla. 315, 100 So. 509, 511, relied upon by the defendant, sets forth the principle of law which I have stated, and in the opinion on the petition for rehearing the court says: "When the special act discloses a legislative intent that the general law shall not be 'applicable' in the premises," the general law is not applicable.

The converse of the doctrine stated in City of Apalachicola v. State, 93 Fla. 921, 112 So. 618, supports my conclusion.

In Sullivan v. City of Tampa, 101 Fla. 298, 134 So. 211, is considered the term of the city charter which grants an option to proceed under the charter provisions in reference to issuing refunding bonds or to adopt the procedure of the general law. The court holds that the option nullifies the theory of exclusion of the general statutes, in that the grant was an additional or supplementary power. The effect of this decision is that, had no such option to act under the state law been given, the special charter provisions would control as the modus operandi.

I think the prohibitory constitutional amendment of 1930 (article 9, § 6) must be considered as a construction that bonds were theretofore issued legally without an election when authorized by special charter.

Having found the power delegated to the defendant city to issue bonds, as stated, it follows as a general rule of law in the federal and Florida courts, as well as other states, that such recital as is found in the bonds of the defendant estops it from asserting the irregularities set forth in the pleas. Town of Coloma v. Eaves, 92 U. S. 484, 23 L. Ed. 579; Waite v. Santa Cruz, 184 U. S. 302, 22 S. Ct. 327, 46 L. Ed. 552; City of Auburndale v. State of Florida, 114 Fla. 829, 155 So. 97; State v. Rodes, 115 Fla. 259, 151 So. 289, 155 So. 852; Crawford v. State ex rel. Klemm & Son, 110 Fla. 301, 149 So. 340; Hughes County v. Livingston (C. C. A.) 104 F. 306; Evansville v. Dennett, 161 U. S. 434, 16 S. Ct. 613, 40 L. Ed. 760.

Furthermore, these bonds were validated by decree of the state court, which is a further conclusive reason for an estoppel of the defendant to assert their invalidity in this court on the grounds of any irregularities in that state court proceeding and previous action of the defendant in relation to the issuance of the bonds.

I must therefore hold that the plaintiffs' demurrer to defendant's pleas No. 3 to 8, both inclusive, must be sustained.