PEARSON, Judge.
The Town of Surfside appeals from a final decree directing it to change the zoning classification of plaintiff-appellee’s property and at the same time to change the classification of similarly situated property in the same manner. We hold that the court erred in substituting its judgment for the legislative body of the defendant municipality, since the record does not support a finding by the chancellor that the ordinance which classifies the plaintiff’s property is arbitrary, unreasonable and as applied to plaintiff’s property unconstitutional. See Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108.
The testimony and evidence in the cause was taken before a special master. After analyzing the evidence before him the master found and recommended the following:
“That due to the changes in character of the property and the surrounding area as well as the great amount of traffic now making use of this street, and which traffic, as far as the record shows, will not diminish but will increase in amount, and the other facts and circumstances hereinabove recited, that the property in its present state is not zoned for its best use or uses to which it is adapted.
“Your Master recommends that the Court enter its decree holding that the property is improperly zoned and requiring the legislative body of the defendant Town of Surfside to convene and to rezone, not only this property but such a part of the surrounding area as is found to partake of or be affected by the conditions which have come about since the original zoning act was passed. This Master recommends against an amendment to the zoning ordinance which would have the effect of permitting another and more usable use of this property because to do that would be spot zoning and the courts have uniformly held that spot zoning is to be avoided wherever possible.”
After a hearing upon the exceptions filed to the master’s report, the chancellor in the final decree directed the town to change the classification of not only plaintiff’s property but other property in the same neighborhood.[1]
The decree of the chancellor, in attempting to effect a change of zoning classification of the area, rather than of the two lots involved, goes beyond the scope of the issues presented by the pleadings. It is apparent that it affects the property rights of persons not parties to the cause. Even though such a wish may emanate from a desire to do justice for all, i. e., to *676 prevent spot zoning, it is beyond the jurisdiction conferred by the filing of the cause. See City of Auburndale v. State ex rel. Summerlin, 114 Fla. 829, 155 So. 97; cf. Young v. Miami Beach Improvement Co., Fla.1950, 46 So.2d 26.
We therefore consider whether there is sufficient evidence in the record to substantiate a finding by the special master that the ordinance in question in its application to plaintiff’s two lots is so unreasonable or arbitrary as to deprive the plaintiff of the use of his land. See Stengel v. Crandon, 156 Fla. 592, 23 So.2d 835, 161 A.L.R. 1228; City of Miami Beach v. Wiesen, Fla.1956, 86 So.2d 442; Town of Surfside v. Abelson, Fla.App.1958, 106 So.2d 108, 110. In this inquiry the following portion of the special master’s report, although not a part of his findings, is pertinent:
“From the factual situation, it seems to the Special Master that aside from the characteristics of this land, and the land around it, there is abundant testimony that the property in litigation no longer retains the features which at the time of the passage of the zoning ordinance justified classifying it as a site usable only for single-family residences. It may be that when the zoning ordinance was passed, this need existed and the legislative act could not have been defeated or thwarted because then it could have been fairly debated. But the need 22 years later seems to have been so dissipated by the phenomenal growth, not only of the City of Surfside but of the area North of Surfside and the City of Miami Beach to the South and the creation of A-1A as an arterial highway and the other factors above mentioned, which have made Harding Avenue, in truth, and in fact, a traveled thoroughfare that it is now so out of proportion to the interference with the use of plaintiff’s property that the exercise of the police power can not be upheld.”
No other portion of the report could be construed as a finding that the plaintiff is deprived of the use of his land.
In the recent case of Town of Surfside v. Abelson, supra, it was pointed out:
“At the outset, we observe that courts generally are not concerned with the wisdom of zoning ordinances except so far as they might conflict with constitutional safeguards, or may in their application in individual cases be unreasonable or arbitrary. The present question does not involve a dispute as to the constitutional validity of the ordinance but presents only a conflict on the application of the ordinance which may or may not involve good zoning practices. In such cases, the courts must respect the discretion of the municipal officers in their legislative capacity and review only those cases which involve constitutional violations or unreasonable and arbitrary acts which deprive the landowner of the use of his land.”
The tenor of the findings of the special master, and indeed that of the testimony upon which his findings are based, is that because of the growth of the surrounding area and the volume of traffic upon Harding Avenue (the street upon which the lots in question face and which is the line of demarcation between the single-family and the two-family zones), the plaintiff’s property is not zoned for its best use. The testimony is devoid of evidence upon which it could properly be found that the present zoning amounts to a deprivation of plaintiff’s right to a reasonable use of his property. The decree is accordingly reversed.
Reversed.
CARROLL, CHAS., C. J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.

. “4. The defendant Town is hereby directed within sixty (60) days from the date of this decree to take such action by the adoption of appropriate ordinances or resolutions, as may be necessary, to reclassify the property described in the complaint as Lots 11 and 12 of Block 6 of Normandy Beach, according to the plat thereof recorded in Plat Book 16, Page 44, Public B.eeords of Dade County, Florida, by placing the same in a zone where a more liberal use than that presently applied to said property is permitted and at the same time to reclassify also such other property in the same neighborhood as that above described in the same manner, in default of which the Court will fix such classification concerning the plaintiff's property, as appears to be reasonable and will retain jurisdiction of the cause for the purpose of enabling the owners of nearby property similarly affected to apply for a reclassification of the property owned by them.”